## AMOS *v.* PARKER.

1. Processioners have no power to ascertain and fix new lines, but only to run and mark those which were formerly located and established.
2. Until a line is run and marked by the processioners, no protest can be made, and without such protest duly made there is no authority of law for returning the papers to the superior court or for any trial in that court touching the action of the processioners. The consent of the parties will not dispense with an actual running and marking of the line.
3. The refusal to grant a new trial was correct because there was nothing to try, and direction is given that the whole proceeding be dismissed for want of jurisdiction over the subject-matter.

March 5, 1892.

Processioning. Practice. Jurisdiction. Before Judge MARTIN. Taylor superior court. February term, 1891.

In the office of the clerk of the superior court was filed a report signed by three persons as processioners, in substance as follows : The undersigned processioners of the 737th district G. M., met on the northeastern part of land lot 109 in the 15th district of Taylor county. Plaintiff Parker claimed that he was entitled to 30 acres of land in the northeastern corner of the lot, and that the south line of said 30 acres was not the "old wire road," but south of said road. Mrs. Amos alleged that she was the owner of said lot up to said road, and that Parker's south line of said northeast corner was the said road. The undersigned having considered the evidence submitted, and the parties having consented that there need be no line run by the county surveyor until it was finally determined whether or not said road was the south line of the

land owned by Parker in the northeast corner of the lot, the undersigned hereby decide that the south boundary line of Parker's land is south of said wire road, and that he is entitled to 30 acres of land in the northeast corner of said lot.

Mrs. Amos filed an objection to the decision of the processioners, claiming that the old wire road is the south line of any land that may be owned by Parker or any other party in the northeast corner of said land lot, and praying that the error of the processioners be corrected by the superior court. A trial was had on evidence submitted by the parties to a jury, and a verdict was rendered, finding in favor of the report of the processioners, and judgment was rendered, that the report of the processioners be confirmed and that the line between the lands of the parties be as found by the processioners. Mrs. Amos moved for a new trial on the grounds that the verdict was contrary to law, evidence, etc. The motion was overruled, and she excepted.

J. D. RUSS and C. J. THORNTON, for plaintiff in error.

No appearance *contra*.

BLECKLEY, Chief Justice.

The statutory provisions applicable to this case are found in the code, §§2384–2393 inclusive. To ascertain and fix new lines is not within the power or functions of processioners. Their vocation is to run and mark lines which at some previous time were located and established. They seek and find lines already existing, but cannot bring into existence any which have not been before designated on the surface of the earth. Lines merely drawn on paper or in the minds of contracting parties, are not ready for the search or services of processioners. Moreover, any one dissatisfied with their work cannot protest against it and make that protest

a ground for returning the papers to the superior court and there having a trial, until a line has been actually run and marked. This is necessary to give the superior court jurisdiction over the subject-matter, and cannot be dispensed with by the consent of the parties. The line "as run and marked" is the subject-matter to which any litigation under the protest must relate, and when there is no such subject-matter, there is no jurisdiction. For this reason the court correctly refused to grant a new trial, and nothing remains but to dismiss the whole proceeding, and direction is given that this be done.

*Judgment affirmed.*