## BOWEN *v.* JACKSON *et al.*

1. Under the law of processioning as it exists in this State, established lines, and not new ones, are to be fixed and determined; the location of lines, not as they ought to be, but as they actually exist, is to be sought; and where one has been in actual possession of land for more than seven years, under a claim of right, such claim shall be respected by the processioners, even though the land so possessed should be found to be within the original line of the opposing party.

2. Accordingly, where the evidence of the county surveyor who ran the lines, as well as that of the processioners who testified, was to the effect that the county surveyor was not trying to find the line between the two parties, but the district line (which was the true original line between the lots), and did not pay any attention to what each party was in possession of, the surveyor further testifying that he did not know what the law in reference to seven years possession was, it follows that the line marked out was not run according to law and the return thereof does not establish the true line between the parties according to law; and when the verdict of a jury, notwithstanding a protest claiming the right in the protestant to have the line established according to his possession, established the line so improperly run as true and correct, it was error in the trial judge not to have granted the motion made for a new trial on the ground that the verdict was contrary to law.

Argued June 24, — Decided July 20, 1897.

Protest to processioners' return.    Before Judge Kimsey. White superior court.    October term, 1896.

Processioners made a return accompanied by a surveyor's plat of the west half of land lot 4 in the 2d district of White county. Bowen, the owner of the adjoining lot 4 in the 1st district, filed his protest against the line as run by the processioners between said two lots; setting forth what he claimed to be the true line, and showing that he and those under whom he holds have been in possession exclusive and continuous up to the line as he described it, for over sixty years.    A trial was had, and a verdict rendered to establish the processioners' line as the true line.    Bowen moved for a new trial, which was denied, and he excepted.    The motion alleges that the verdict is contrary to law and evidence, and to the following charges of the court:

"Where actual possession has been had under a claim of right for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession.

"It shall be the duty of the county surveyor with the processioners, taking all due precautions to arrive at the true lines, to trace out and plainly mark the same; as much as to say, not to make new lines but to trace out and mark old lines."

Also, that the court failed to charge (though not so requested), that where actual possession has been had under a claim of right for more than seven years, and the processioners disregard such possession and mark the lines so as to interfere with such possession, in that event the jury could not find for the plaintiffs, but the verdict should be for the defendant; and that if the county surveyor with the processioners failed to take due precaution to arrive at the true lines and to trace out and plainly mark the same, but made new lines, it would be their duty to find for the defendant.

Also, that the court erred in charging, that if the plaintiffs introduced in evidence the plat and return of the processioners showing that the entire tract of land had been surveyed and the plat made of that, that would make out a prima facie case for them, and that means, if nothing else appears in the case, the jury would find the issue in their favor.

*H. H. Perry* and *D. S. Craig*, for plaintiff in error.

*J. W. H. Underwood* and *H. H. Dean*, contra.

LITTLE, J. The official report states the facts. The head-notes state the conclusion of the court on the points decided, and need but little elaboration.

Processioners are not charged, under the law as we understand it, with ascertaining and marking such lines as were originally fixed between subdivisions of land, to the exclusion of such lines as have been before the time of processioning established either by the act of the parties or by operation of law. When a claim is made by a coterminous owner, of actual possession under a claim of right for more than seven years, to a portion of the land found to be outside of the true original line, they are not to declare where the lines ought to be without regard to adverse possession, but where they really are. Any actual possession under a claim of right which has continued for more than seven years is to be respected by processioners. The question with which processioners deal is not one of prescription, but of boundary. But they are to determine the question of fact as to whether possession has been held for seven years under a claim of right. *Christian* v. *Weaver*, 79 *Ga.* 406. Where actual possession has been had under a claim of right for more than seven years, such claim shall be respected, and the lines so marked by the processioners as not to interfere with such possession. *Camp* v. *Cochrane*, 71 *Ga.* 865.

In a case where the protestant objected to the line because of such possession by himself and those under whom he claimed for a great number of years, exceeding seven, it was error to disregard such claim and seek only to ascertain the original district line which correctly divided lots. And where the testimony of himself and the processioners tended to show that the surveyor was not trying to find the line between the parties, but the district line, and did not pay any attention to what either party was in possession of, and the line so run was by the jury set up as the true line between the parties, the verdict should be set aside.

*Judgment reversed. All the Justices concurring.*