### WHEELER v. THOMAS.

EVANS, P. J. The remedy afforded by the statute for the processioning of land (Civil Code, § 3818 et seq.) is applicable only to the location of land lines which once were marked or established. It is not available as a proceeding to make and establish new lines between adjacent landowners, nor as a substitute for an action to try conflicting claims of title to land. Amos v. Parker, 88 Ga. 754 (16 S. E. 200); Crawford v. Wheeler, 111 Ga. 870 (36 S. E. 954); Walker v. Boyer, 121 Ga., 300 (48 S. E. 916). Accordingly, where it was admitted on the trial of the issue formed on a protest to the return of processioners that they undertook to mark anew and run a line where there had never been a line of any character, and the evidence disclosed that the real controversy was whether the dividing line between the adjacent landowners was the high-water mark or the thread of a creek, neither of which was shown to have been established as a dividing line, it was not error to dismiss the proceeding for want of jurisdiction of the processioners over the subject-matter.

Judgment affirmed. Beck, J., absent. The other Justices concur.
MARCH 11, 1913.

Processioning. Before Judge Thomas. Berrien superior court. March 20, 1912.

J. Z. & H. L. Jackson and W. D. Buie, for plaintiff.
Knight, Chastain & Gaskins, for defendant.