## BOYCE *v.* COOK.

Under the law of processioning as it exists in this State, established lines and not new ones are to be fixed and determined; the location of lines, not as they ought to be, but as they actually exist, is to be sought. And it appearing in the present case that in running the line between the parties the processioners and the surveyor "ignored the claims of both sides" as to the actual location of the line between them and their respective contentions as to actual occupation, and sought ·alone for the discovery of the true original line by courses and directions and certain corners on what they considered the true original line, the line traced and marked by them in this way was not run according to the law governing processioners in the discharge of their duty, and should not have been established as the true line by verdict rendered on the trial of the issue made by a protest to the return of the processioners.

JULY 19, 1913.

Processioning. Before Judge Hammond. Walton superior court. April 15, 1912.

*J. H. Felker* and *Hal G. Nowell,* for plaintiff in error.
*Napier & Cox,* contra.

BECK, J. Processioners made a return, accompanied by a surveyor's plat, showing the boundary line as marked by them between the land of the defendant in error and the land of the plaintiff in error. The latter filed a protest to the line drawn by the processioners between the two lots of land, setting forth what she claimed to be the true line, and showing that she had been in exclusive possession, for more than twenty-five years, of the land up to a line which she claimed should have been run. The trial of the

issue thus made resulted in a verdict to establish the line run by the processioners as the true line. Mrs. Boyce, the protestant, filed a motion for a new trial, which was denied, and she excepted. The motion for a new trial contains, among other grounds, the complaint that the verdict is contrary to the law and the evidence and contrary to the following charge of the court: "You are charged that the processioners are not authorized to go in and fix what they regard as a right, proper, equitable line between the parties to the case. They must fix the actual line as it existed. They don't establish a new line; they are merely to determine and locate the old line; and they are not authorized to make a line different from the old line because they believe it substantially right between the parties."

The evidence for the protestant in this case tended to show that the line as run by the processioners was on and over land which she had been in actual possession of for more than seven years; and the testimony of the other party tending to contradict this is very vague and indistinct, especially in that, when he speaks of having cultivated up to a certain hedge line, he fails entirely to show at what time he cultivated up to that hedge, and fails to show whether there was any of the hedge remaining at the time the processioners ran the line in question or when the hedge disappeared. He seems to rely upon the contention that certain well-established corners show that the line as run by the processioners was the true line between his land and that of his antagonist. If there were nothing more than this in the testimony, however, we might hesitate before disturbing the judgment of the court below refusing a new trial. But when we consider the testimony of the county surveyor and of the processioners, which was introduced by the defendant in error, it becomes clear that a new trial should be had. The county surveyor who ran the line in question testified, in substance, that he made the survey; that he remembered very little about a certain stump referred to in the testimony of other witnesses; that what he and the processioners were after getting was a line directly from the hickory tree to the iron pin; that the hickory tree was selected because it was considered a corner on the original line. He was trying to find the original land line from the hickory tree to a stake on the east side. He found that line. He made a trial run; then, after making certain calculations, he ran back to

the hickory tree. Proper corrections were made, allowing for the variations. He testified further, showing the pains and care taken in running the proper courses and directions, and stated: "My effort was to find the original line. The original line is the old line. If they had any marked trees or corners, we would run by that; they had a sort of crooked turn row. When I go to run a line I ignore what anybody says about it. I pay no attention to them. I can't afford to do it, of course. The commissioners [processioners] told me they wanted to run the old line, and that is what I did. The commissioners [processioners] and I under their direction didn't read this claim of Mrs. Boyce at all. This is correct. They never run the line with any view of making the old fence the line. There was no fence line there; I didn't see any fence line; couldn't see where the original fence was. They claimed it was at a certain place; their claims were ignored, and they run this new line there. . . I ignored Cook's [defendant in error] claims too; ignored both claims." The testimony of the processioners showed that their conception of their duty was similar to the surveyor's conception of his duty in this particular case. They were looking for corners and endeavoring to ascertain the true line, the true original line; and they "ignored the claims of both sides."

Under this testimony the line as run by the processioners with the county surveyor was not run in accordance with the law governing processioners in cases of this kind; and the verdict establishing it should be set aside. In the case of *Bowen* v. *Jackson,* 101 *Ga.* 817 (29 S. E. 40), it was said: "Processioners are not charged, under the law as we understand it, with ascertaining and marking such lines as were originally fixed between subdivisions of land, to the exclusion of such lines as have been, before the time of processioning, established either by the act of the parties or by operation of law. When a claim is made, by a coterminous owner, of actual possession under a claim of right for more than seven years, to a portion of the land found to be outside of the true original line, they are not to declare where the lines ought to be, without regard to adverse possession, but where they really are. Any actual possession under a claim of right which has continued for more than seven years is to be respected by processioners. The question with which processioners deal is not one of prescription, but of boundary. But they are to determine the question of fact as to

whether possession has been held for seven years under a claim of right. *Christian* v. *Weaver,* 79 *Ga.* 406 (7 S. E. 261). Where actual possession has been had under a claim of right for more than seven years, such claim shall be respected,. and the lines so marked by the processioners as not to interfere with such possession. *Camp* v. *Cochrane,* 71 *Ga.* 865. In a case where the protestant objected to the line because of such possession by himself and those under whom he claimed for a great number of years, exceeding seven, it was error to disregard such claim and seek only to ascertain the original district line which correctly divided lots. And where the testimony of himself and the processioners tended to show that the surveyor was not trying to find the line between the parties, but the district line, and did not pay any attention to what either party was in possession of, and the line so run was by the jury set up as the true line between the parties, the verdict should be set aside." What is there said in the *Bowen* case, under the facts of the present case, is controlling.

If the parties to this case are still disposed to press their adverse claims to the strip of land in dispute and wish to have the line established by processioners, then the processioners, with the county surveyor, should run the line anew, and in doing this they should not "ignore the claims of both sides."

*Judgment reversed. All the Justices concur.*