### PARRISH *v.* CASTLEBERRY.

ATKINSON, J.　1. On the trial of a civil case a party has the right, in the selection of jurors, to have stricken from the panel all who have declared an opinion on the merits of the case. Penal Code, § 859; *Haney* v. *Hightower Institute,* 113 *Ga.* 289, 293 (38 S. E. 761); *Justices of the Inferior Court* v. *Griffin & West Point Plank Road Co.,* 15 *Ga.* 39. Accordingly, on the trial of a case instituted by the filing of a protest to

the return of processioners appointed to mark the lines of a tract of land, it was not error, while selecting the jury, for the judge to excuse a person on the panel who had been one of the processioners and whose finding was under attack, and substitute therefor another person competent to serve as a juror.

2. Where land conveyed by a deed was described as follows: "All that tract or parcel of land lying in lot No. 381 in the 9 Dis. of Berrien County, on which the said John A. Parrish is building a mill. The lines to run as follows: commencing on the east line of said lot at the mill-pond, running with said line north to an agreed and marked line, thence west to opposite half-way mill-race, thence south across said race sufficiently far to take all water privileges, thence east to east line, and thence north to starting point. Containing 3 acres, more or less," it was competent for the grantor, in a subsequent litigation between himself and the transferee of the grantee, to testify that the boundaries of the land as conveyed by him were agreed to and marked out, and a practical location made of it.

(*a*) The evidence did not contradict the deed.

3. The evidence tended to show that the plat, which was attached to the protest as an exhibit, was a correct representation of the property conveyed, and there was no error in admitting the plat in connection with such evidence.

4. Other rulings of the court upon the admissibility of evidence were in accord with the decision of this court when the case was before it on a former occasion. *Castleberry* v. *Parrish*, 135 *Ga.* 527 (69 S. E. 817).

5. The excerpts from the charge, upon which error was assigned, stated correct principles of law applicable to the case.

6. Upon the application of a landowner, lines around a tract of land were run and marked by processioners. An adjoining-land owner filed a protest, in which he alleged that the lines as run by the processioners were not the old lines marked anew, but that other lines described by him were the true lines. The jury found a verdict in favor of "the defendant," and a judgment was entered that the lines as contended for by him in his protest were true lines between him and the applicant for the processioning. Later, at chambers in vacation, on the hearing of the motion for new trial, filed by the applicant, the presiding judge so amended the decree as to strike from it the establishment of the lines contended for by the protestant, and to insert in lieu thereof a judgment that the lines as run by the processioners were not established as the true lines between the parties. *Held*, that if the presiding judge was without authority at chambers to amend his decree, his effort to do so was harmless error as against the applicant for processioning, there being no proper exception to the form of the original judgment.

(*a*) An erroneous effort to amend a decree at a time when the judge was without jurisdiction to do so furnished no cause for the grant of a new trial.

(*b*) Direction is given that so much of the order overruling the motion for new trial as undertakes to amend the original judgment be stricken.

7. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed, with direction. All the Justices concur.*
JULY 16, 1914.

Processioning.    Before Judge Thomas.    Berrien superior court.
June 14, 1913.

*Hendricks & Hendricks,* for plaintiff.

*W. D. Buie,* for defendant.