## STEPHENS v. MATHIS.

ATKINSON, J.   On March 25, 1912, H. D. Mathis made affidavit, under the
Civil Code, § 5380, that he in good faith claimed the right of possession
of certain premises which were in the possession of J. J. Stephens who
did not in good faith claim any right of possession, and yet refused
to abandon the same.   Stephens, in order to prevent eviction, lodged
with the sheriff, on April 2, 1912, a purported counter-affidavit, in
which he said he was the agent of his wife, and as such agent was, at
the time, seized and possessed in fee simple of the premises described in
the affidavit to evict; "but affiant, as agent for his wife nor as an in-
dividual, is not now in possession of said premises; affiant's said wife,
Mrs. J. F. Stephens, in whom fee-simple title to said premises was
vested, sold said premises and made a warranty deed thereto to one
T. P. Parrish about six weeks prior to issuing and service of said
affidavit to evict affiant as an intruder; that said Parrish immediately
took possession of said premises under said deed, and is now in possession,
having remained in possession continuously from said date until the
present time."   The sheriff returned the affidavit to the superior court,
where it was treated as a good affidavit.   Evidence was submitted by
both parties, and a verdict was returned for the plaintiff, which the
court refused to set aside on motion for new trial.   `Held:`
1. This was a proceeding under the Civil Code, § 5380, for the eviction of
   an intruder.   The plaintiff's affidavit was in due form, and it was the
   duty of the sheriff to proceed as provided in that section, unless pre-
   sented with a counter-affidavit from the alleged intruder, stating that he
   "does in good faith claim the legal right to possession of the said land
   or tenement."   The affidavit tendered by the defendant was not a com-
   pliance with the statute either in form or substance, and was insuffi-
   cient to present any issue for trial by the court.
2. Although the parties proceeded to trial as if a legal affidavit had been
   made, and a verdict was rendered in favor of the plaintiff, after which
   the defendant moved for a new trial, and, after a judgment overruling
   it, brought the case to this court, under the affidavit filed by him he had
   no standing in the superior court to contest the plaintiff's right of
   possession; nor has he any right in this court to obtain a judgment on
   the merits, determining the validity of the plaintiff's claim to possession.
   Accordingly, direction is given that the verdict and judgment be set
   aside, the purported counter-affidavit be dismissed, and the original affi-
   davit be returned to the hands of the sheriff, that he may proceed as
   by law is provided where no counter-affidavit is filed.

*Judgment reversed, with direction.   All the Justices concur.*
JULY 16, 1914.

Eviction. Before Judge Thomas. Berrien superior court. June 27, 1914.

*W. R. Smith* and *J. Z. Jackson,* for plaintiff in error.

*Knight, Chastain & Gaskins,* contra.