## 8732.   COSBY *v.* REID.

1. The duty of processioners in fixing and marking anew established lines is not to locate them as they originally ought to have been laid out, but only to fix and determine the boundaries as they actually exist (*Boyce*

v. *Cook*, 140 *Ga.* 360, 78 S. E. 1057; *Langley* v. *Woodruff*, 144 *Ga.* 702, 87 S. E. 1054), keeping in view the rules governing in disputed lines as prescribed by section 3820 of the Civil Code (1910), as well as the provision of law that "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." Civil Code (1910), § 3822. It is not the function of processioners to ascertain and fix new lines; their duty is only to run and mark anew those which can be taken as having been formerly located and established. *Amos* v. *Parker*, 88 *Ga.* 754 (16 S. E. 200); *Parrish* v. *Castleberry*, 142 *Ga.* 115 (2) (82 S. E. 520); *Wheeler* v. *Thomas*, 139 *Ga.* 598 (77 S. E. 817); *Elkins* v. *Merritt*, 20 *Ga. App.* 737 (92 S. E. 51). Thus, muniments of title accompanied by diagrams or plats which might on paper sufficiently describe and designate the lines and boundaries of realty so as to render their ascertainment certain will not of themselves afford the proper basis for the services of processioners. But even though the course and extent of the line itself may not have been actually marked out upon the earth's surface, yet, if there should exist a sufficient number of physically established corners or landmarks, the mere connecting of which by straight lines, or from which the projecting of the courses and distances shown by the plat would suffice to complete the boundary, it would be the duty of processioners, in accordance with the provisions of section 3820 of the Civil Code (1910), so to ascertain, mark, and establish the same, respecting always the rights had under actual possession as defined by section 3822 of the Civil Code.

2. The failure to charge in the precise language requested is not cause for a new trial, where it appears that the principle involved was sufficiently covered by the general instructions given. *Gramling* v. *Pool*, 111 *Ga.* 93 (36 S. E. 430); *Wheatley* v. *West*, 61 *Ga.* 402 (4); *Parker* v. *Georgia Pacific Railway Co.*, 83 *Ga.* 539 (5) (10 S. E. 233); *Millen Railroad Co.* v. *Allen*, 130 *Ga.* 656 (4) (61 S. E. 541); *Atlantic Coast Line Railroad Co.* v. *Odum*, 5 *Ga. App.* 780 (2) (63 S. E. 1126).

3. The excerpts from the charge of the court, when considered in connection with the charge as a whole, are not subject to the criticisms made in the third, fourth, and fifth grounds of the amendment to the motion for a new trial.

DECIDED JANUARY 22, 1918.

Protest to processioners' return; from Lincoln superior court— Judge Walker. September 13, 1916.

There was a trial of an issue made by a protest to the return of processioners. The jury found in favor of the return. The case is here on exceptions to the refusal to grant a new trial. It appears that both parties to the litigation derived their title from the same original source, the adjoining tracts being lots formed in a prior subdivision of an estate, made in 1886, the processioners and surveyor testifying to their access to and use of the plat made in that

division. The plaintiff in error contended that the disputed line was physically marked along the course as contended for by her, and that she had been in actual possession of the land up to this line for more than seven years. The defendant in error introduced rebutting evidence, to the effect that the marks relied on by the adverse party were not landmarks and had not been made for such purpose. She further denied the adverse possession claimed by the plaintiff in error. On these points the jury found in her favor. The defendant in error contended that three of the four corners of her tract were physically fixed and determined, and it appears that the line arrived at by the processioners was fixed by running the line in accordance with the plat, by reference to courses and distances emanating from two of such established corner landmarks, so as thus to arrive at and fix the point of the fourth corner physically undesignated. In the motion for a new trial it is complained that the court refused written requests to charge the jury as follows: (1) "The law provides, if the corners are established and the lines not marked, a straight line as required by the plat shall be run. I charge you that this law not only means one corner shall be established, but that the corner to which it is to be connected shall be established." (2) "The vocation of the processioners is to view and mark lines which at some previous time were located and established. They seek and find lines already existing, but can not bring into existence any which have not been before designated on the surface of the earth. Lines merely drawn on paper or in the minds of the contracting parties are not ready for the search or services of processioners." This language is an extract from the opinion rendered in the case of *Amos* v. *Parker,* 88 *Ga.* 754 (16 S. E. 200). The court charged the jury as follows: "In all cases of disputed lines the following rules shall be respected and followed: Natural landmarks, being less liable to change, and not capable of counterfeit, shall be the most conclusive evidence; ancient or genuine landmarks, such as corner stations or marked trees, shall control the course and distances called for by the survey;" and subsequently: "If the corners were established and lines not marked, a straight line, as required by the plat, should be run, but an established marked line, though crooked, shall not be overruled; . . courses and distances shall be resorted to in the absence of higher evidence." These excerpts are in the lan-

guage of section 3820 of the Civil Code of 1910. The court further charged the jury: "You must hold in your minds all the time that the object of these processioners is to find and re-mark the original lines. They have no right nor jurisdiction to establish new lines. . . Processioners have no power, as I have already instructed you, to ascertain and fix new lines, but only to run and mark those which were formerly located and established."

*John T. West, Wyatt & Harnesberger, Colley & Colley,* for plaintiff in error. *C. J. Perryman,* contra.

JENKINS, J. (After stating the foregoing facts.)

1. Under the rule as expressed in the first headnote, the processioners, in the absence of higher and controlling evidence accepted by them to the contrary, were authorized to run, mark, and establish the disputed line, when such could be done, by means of courses and distances in accordance with the plat, projected from actual physical landmarks. We think the charge of the court relative to the want of authority on the part of processioners to establish new lines, but limiting their power to the establishment and marking of lines already existing, was sufficiently clear.

2. While one portion of the excerpt from the charge complained of in the third ground of the amendment to the motion for a new trial may not be within itself as complete and clear as it might have been, yet the charge, when considered in connection with the instructions given just preceding and immediately following the portion complained of, and when taken as a whole, makes it perfectly clear that if in the opinion of the jury the evidence showed an established marked line, that line should be taken to the exclusion of courses and distances. Nor do we think that the jury could possibly have been misled by the excerpt from the charge complained of in the last ground of the motion for a new trial. The judge had repeatedly given in charge the provisions of section 3822 of the Civil Code (1910), as to the controlling effect of seven years adverse possession, and had amplified and emphasized this mandatory rule of law, to which rule special reference was in fact again made in connection with the excerpt actually complained of, and without any qualification such as was made in the case of *Williams* v. *Giddens,* 132 *Ga.* 342 (64 S. E. 64). The verdict sustaining the return of the processioners was authorized by

the evidence, and, the trial judge being satisfied therewith, no sufficient reason appears why it should be set aside.

    *Judgment affirmed. Wade, C. J., and Luke, J., concur.*