## 13640. McALPIN v. THOMPSON et al.

STEPHENS, J. 1. It is the duty of processioners to lay out or mark anew established land lines and not to adjudicate land titles. *Wheeler v. Thomas*, 139 *Ga.* 598 (77 S. E. 817); *Walker v. Boyer*, 121 *Ga.* 300 (48 S. E. 916); *Crawford v. Wheeler*, 111 *Ga.* 870 (36 S. E. 954); *Bowen v. Jackson*, 101 *Ga.* 817 (29 S. E. 40); *Amos v. Parker*, 88 *Ga.* 754 (16 S. E. 200); Civil Code (1910), §§ 3818-9, 3823. A landowner affected by the return of processioners can not, when protesting against the return, be heard to complain that, as a result of the land lines marked anew as previously established, he is deprived of land to which he is entitled and which his deed calls for.

2. Where the application to the processioners was to mark anew only the boundary line between two tracts, and the notice to the adjoining landowner, who is the protestant, indicated that such boundary line only was to be marked anew, it is no objection to the return of the processioners that they made complete surveys of the entire tracts. The return, properly construed, officially does no more than to mark anew the boundary line indicated in the application and the return of the processioners with the plat attached. The survey is properly incorporated in the return and evidenced in the plat for the purpose of illustrating and identifying the intervening boundary line marked out by the processioners.

3. The description of the land in the return and in the plat attached is sufficient to identify the land described in the application.

4. The notice served on the adjoining landowner, the protestant, sufficiently indicated that a boundary line between his land and the applicant in a certain named militia district was to be marked anew, and, since such notice need not necessarily contain such a minute and particular description as is contained in a deed, it is not subject to the objection that it fails to indicate the line to be marked anew.

5. Since a parol executed agreement between adjoining landowners fixing and marking anew an undetermined and disputed boundary line between them is valid, the charge of the court that the processioners performed their duty if they marked anew an old and established land line which had been formerly agreed upon and marked out by adjoining landowners, the predecessors in title to the contending parties, was not error upon the ground that such agreement could not rest in parol or was not binding upon the present landowners. *Farr v. Woolfolk*, 118 *Ga.* 277.

6. There being no evidence adduced upon the trial, or any contention by the protestant in his protest filed to the return of the processioners, of seven years' acquiesence in a dividing line by acts or declarations of the adjoining landowners, as provided in the Civil Code (1910), § 3821, the court did not err in failing to give such theory in charge to the jury. The court, however, fully instructed the jury as to the issue involving a right by seven years' prescription as provided in the Civil Code (1910), § 3822, asserted by the protestant and authorized by the evidence.

7. The issue upon a protest to the return of processioners not being that of title to land, but only that as to the location and marking anew of pre-existing land lines, the applicant is not estopped from asserting his

right to have the processioners mark anew the land lines, by reason of his having witnessed a deed (if he did), with knowledge of the contents, whereby his title in part of the land claimed by him was by the grantor deeded to the protestant or one under whom the latter claims title. Nor would a declaration by him against his title (as, for instance, such a declaration contained in a tax-return made by him as agent for a former owner, under whom the protestant claims title) estop him from asserting his right to have the processioners mark anew the land lines.

8. The evidence authorized the jury to infer that the processioners marked anew a pre-existing land line; and, since no error of law was committed, the trial judge did not err in overruling the motion for a new trial filed by the protestant to the return of the processioners.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.
Decided February 9, 1923.

Processioning; from Haralson superior court — Judge Irwin. April 28, 1922.

Griffith & Matthews, for plaintiff in error.  M. J. Head, contra.