15328. MATTOX, guardian, *v.* DELOACH.

JENKINS, P. J. 1. "Under the law of processioning as it exists in this State, established lines and not new ones are to be fixed and determined; the location of lines, not as they ought to be, but as they actually exist, is to be sought." *Boyce* v. *Cook,* 140 *Ga.* 360 (78 S. E. 1057); *Bowen* v. *Jackson,* 101 *Ga.* 817 (29 S. E. 40); *Wheeler* v. *Thomas,* 139 *Ga.* 598 (77 S. E. 817); *Amos* v. *Parker,* 88 *Ga.* 754 (16 S. E. 200); *Cranford* v. *Wheeler,* 111 *Ga.* 870 (36 S. E. 954); *Walker* v. *Boyer,* 121 *Ga.* 300 (48 S. E. 916); *Cosby* v. *Reid,* 21 *Ga. App.* 604 (94 S. E. 824); *Elkins* v. *Merritt,* 20 *Ga. App.* 737 (93 S. E. 236); Civil Code (1910), §§ 3817-19.
2. "Ancient or genuine landmarks, such as corner station or marked trees, shall control the course and distances called for by the survey." Civil Code (1910), § 3820. Whether or not this principle would apply in a processioning proceeding between two owners claiming under a common grantor, where it appears that, at and before the execution of the deed to one of them (the plaintiff in error in this case), he together with the grantor started at an admitted corner and went over, established, and physically marked the line now in dispute, although the deed made in pursuance of the agreed demarkation contains no reference to such physical marks, but describes the line merely as running "south" from such starting point, whereas the physical line as thus previously established ran south 30 degrees east (See *Ingram* v. *Fisher,* 70 *Ga.* 745, 746; *O'Neal* v. *Ward,* 148 *Ga.* 62 (3), 95 S. E. 709), still, since it is unquestionably true that "an unascertained or disputed boundary line between coterminous proprietors may be established, (1) by oral agreement, if the agreement be accompanied by actual possession to the agreed line, or is otherwise duly executed; or (2) by acquiescence for seven years by the acts or declarations of the owners of adjoining land, as provided in the Civil Code" (*Osteen* v. *Wynn,* 131 *Ga.* 209 (3 *a*), 62 S. E. 37, 127 Am. St. R. 212; *Cleveland* v. *Treadwell,* 68 *Ga.* 835 (3 *a*)), and since the record authorizes the conclusion that both the grantor, while still in possession of the adjoining premises, and the plaintiff in error, despite the description contained in the deed, subsequently recognized the line as thus previously marked out and physically established as the true

and correct boundary of their respective premises, and that both occupied their respective premises accordingly and that, including such recognition by the grantor's successor in title to the adjoining premises, such acquiescence in such boundary continued for more than the statutory period (Civil Code of 1910, § 3821), the processioners were authorized to thus establish it, and the court did not err in overruling the protesting owner's motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JUNE 16, 1924.

Processioning; from Evans superior court—Judge Sheppard. November 10, 1923.

*E. C. Collins,* for plaintiff in error.

*A. S. Way, P. M. Anderson, Daniel & Durrence,* contra.