## 20850. SMITH *v.* BRINSON.

DECIDED APRIL 20, 1931.

*Roy Segler, Ira Carlisle,* for plaintiff in error.
*Alexander & Jones,* contra.

JENKINS, P. J. 1. "Under the law of processioning as it exists in this State, established lines and not new ones are to be fixed and determined; the location of lines, not as they ought to be; but as they actually exist, is to be sought. And it appearing in the present case that in running the line between the parties the processioners and the surveyor 'ignored the claims of both sides' as to the actual location of the line between them and their respective contentions as to actual occupation, and sought alone for the discovery of the true original line by courses and directions and certain corners on what they considered the true original line, the line traced and marked by them in this way was not run according to the law governing processioners in the discharge of their duty, and should not have been established as the true line by verdict rendered on the trial of the issue made by a protest to the return of the processioners." *Boyce* v. *Cook,* 140 *Ga.* 360 (78 S. E. 1057) ; *Langley* v. *Woodruff,* 144 *Ga.* 702 (87 S. E. 1054) ; *Cosby* v. *Reid,* 21 *Ga. App.* 604 (94 S. E. 824).

2. In the instant case the undisputed testimony of the surveyor was: "What we tried to do was to run a straight line west from an undisputed corner in order to establish the lot line between H. R. Brinson and W. L. Smith. While we were running this line we went right across fields, woodland, and everything, and did not pay any attention to the claims of Mr. Smith, or Mr. Brinson, or anybody else, in regard to any existing lines. I thought all we were supposed to do was to establish the original lot line between the parties who had disagreed over the line." The undisputed corner referred to by the surveyor appears from the plat to have been a corner between two adjacent lots not involved in the proceeding, and the line appears to have been run from that corner

to another undisputed corner several lots beyond the land involved in the proceeding. Applying the principle of law set forth above to the undisputed testimony presented by the record, it appears that the line was not run so as to ascertain, mark, and establish the same in accordance with the provisions of the Civil Code (1910), § 3820, as further interpreted by § 3822, and the verdict and judgment sustaining the return of the processioners must, therefore, be set aside as being unauthorized.

*Judgment reversed. Stephens and Bell, JJ., concur.*