## PEARRE *et al. v.* WILKINSON.

No. 10691. JANUARY 18, 1936.

*P. H. Rowe, B. B. McCowen,* and *Isaac S. Peebles Jr.,* for plaintiffs in error.

*Curry & Curry* and *A. R. Richardson,* contra.

BECK, Presiding Justice. Wilkinson filed with processioners, in accordance with the statute, his petition to have the lines around his tract of land surveyed and marked anew. Attached to his petition was an affidavit that he had given written notice to the adjacent landowners. The processioners made their survey and filed their return in accordance with the statute, the return showing that the adjacent landowners had been served. To this return certain of the adjacent landowners filed their protest. On the trial of the issues so made, the jury returned a verdict in favor of the applicant. A motion for new trial was overruled, and the protestants excepted.

The Court of Appeals, and not this court, has jurisdiction of the case. Code, § 85-1605. It is not the function of processioners to ascertain and fix new lines; their duty is only to run and mark anew those which can be taken as having been formerly located and established. *Amos* v. *Parker,* 88 *Ga.* 754 (16 S. E. 200); *Parrish* v. *Castleberry,* 142 *Ga.* 115 (2) (82 S. E. 520); *Wheeler* v. *Thomas,* 139 *Ga.* 598 (77 S. E. 817); *Elkins* v. *Merritt,* 20 *Ga. App.* 737 (92 S. E. 51). See also *Elkins* v. *Merritt,* 146 *Ga.* 647 (92

S. E. 51). The rulings announced above and the constitutional provision defining the jurisdiction of this court and of the Court of Appeals require the transfer of this case.

*Transferred to Court of Appeals. All the Justices concur.*