29214. ADERHOLD *et al.* v. LAMBERT.

DECIDED MARCH 6, 1942. REHEARING DENIED APRIL 3, 1942.

*Emmett Smith, Earl Staples,* for plaintiffs in error.
*Willis Smith,* contra.

SUTTON, J. J. G. Lambert made application to the land pro-

cessioners of the 714th militia district of Carroll County to have the line around the south side of a fifty-acre tract of land surveyed and marked anew, J. T. McClure and Ray Aderhold being designated as the adjoining landowners to the line sought to be processioned. A survey and return were made by the processioners and the county surveyor, and a protest was filed thereto by McClure and Aderhold. Both the return and the protest were amended later, and the trial resulted in a verdict and judgment in favor of the applicant. The exception is to the overruling of a motion by the protestants for new trial.

The return of the processioners refers to the plat of the surveyor for a description of the line they ran, and the plat itself is rather indefinite as to the description of the line surveyed, as it shows only a line marked "N. 88° E. 2666' O. R. L. line" as the line between J. G. Lambert in lot No. 223 and J. T. McClure and Ray Aderhold in lot No. 224, without designating any landmarks or corners. But there was testimony that the line they ran and set up was a straight line from the southwest corner of lot No. 223 to the southeast corner of said lot at a bearing or degree of north 88 degrees east.

The protestants alleged in their protest that the line as contended for by them was a well-established and marked line between lots Nos. 223 and 224, and had been so regarded and observed by the adjoining landowners on both sides of said line for a period for forty years; that the line set up by the processioners and surveyor was ten feet too far south at the original west line of lots 223 and 224 and sixty-six feet too far south at the east line of said lots, and that the protestants had been in actual possession of the strip of land in dispute, under a claim of right, for a period of more than seven years next before the survey was made, and for more than the past seven years had cultivated the land up to the line they claimed. The evidence showed that the line claimed by the protestants was marked by a rock dam, a deep ditch, and a turn-row, and that this line was pointed out by them to the processioners and surveyor when they were undertaking to establish the dividing line between the parties to this case; and that McClure had been in possession of his part of the land, under a claim of right, up to the line claimed by protestants, for approximately twenty years, and that Aderhold had been in possession of his land,

under a claim of right, up to said line, for the past ten years, and that these parties, respectively, had been cultivating said lands for the periods just mentioned. Lambert admitted in his testimony that McClure had been cultivating his land up to the line as contended for by him (McClure) for the past fifteen years, and that the rock dam had been built about seventeen years and was put there before he (Lambert) moved there.

Aderhold testified that he had owned his land since 1929 and had cultivated up to the rock dam and ditch ever since he had owned it; that he and McClure had cultivated to the line claimed by them, and that Lambert had cultivated on the other side up to that line. He testified that the line the processioners set up was forty or fifty feet out in the field (meaning his field).

Lambert testified that his brother-in-law, a Mr. Spence, while in possession of the land owned by Lambert, cultivated three corn rows south of the rock dam, but stated on cross-examination that this was "in 1917, '18, '22 and '23. He was cultivating that land there eight years." This does not conflict with the testimony of Aderhold who testified that he had owned his land since 1929 and had been cultivating it up to the line he claimed since then, that is, for a period of ten years before the line in question was run by the surveyor and processioners, on March 23, 1939.

The county surveyor, who ran the disputed line, testified that McClure and Aderhold pointed out to him and the processioners the line they claimed, and that it was marked or designated by a rock dam, a big ditch, and a turn-row, and that it was his impression that they had been tending that land. He further testified, in reply to the question, "This new line you all run there, you all ran it without paying any regard whatever to the old line?" "I answer, that is right. Didn't touch it at all. The rock wall I saw came out at an angle. I ran straight from the west corner to the east corner. That is where Mr. Lambert claimed the line to be. . . That was the old original line."

The testimony of the surveyor and processioners tended to show that they undertook to set up the original line between lots 223 and 224 without regard to the possession for more than seven years by the protestants, under a claim of right to the land, up to the line which they claimed. There was other testimony, but the uncontradicted evidence as to the possession by the protestants of

the land up to the line claimed by them shows that the verdict in favor of the applicant was unauthorized under the law applicable to such a proceeding.

Code, § 85-1603, provides: "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." In *Bowen* v. *Jackson*, 101 *Ga.* 817, 819 (29 S. E. 40), it was said: "Processioners are not charged, under the law as we understand it, with ascertaining and marking such lines as were originally fixed between subdivisions of land, to the exclusion of such lines as have been before the time of processioning established either by the act of the parties or by operation of law. When a claim is made by a coterminous owner, of actual possession under a claim of right for more than seven years, to a portion of the land found to be outside of the true original line, they are not to declare where the lines ought to be without regard to adverse possession, but where they really are. Any actual possession under a claim of right which has continued for more than seven years is to be respected by processioners. The question with which processioners deal is not one of prescription, but of boundary. But they are to determine the question of fact as to whether possession has been held for seven years under a claim of right. *Christian* v. *Weaver*, 79 *Ga.* 406 (7 S. E. 261). Where actual possession has been had under a claim of right for more than seven years, such claim shall be respected, and the lines so marked by the processioners as not to interfere with such possession. *Camp* v. *Cochrane*, 71 *Ga.* 865. In a case where the protestant objected to the line because of such possession by himself and those under whom he claimed for a great number of years, exceeding seven, it was error to disregard such claim and seek only to ascertain the original district line which correctly divided lots. And where the testimony of himself and the processioners tended to show that the surveyor was not trying to find the line between the parties, but the district line, and did not pay any attention to what either party was in possession of, and the line so run was by the jury set up as the true line between the parties, the verdict should be set aside." See, also, to the same effect: *Robson* v. *Shelnutt*, 122 *Ga.* 322 (50 S. E. 91); *Boyce* v. *Cook*, 140 *Ga.* 360 (78 S. E. 1057); *Carlledge* v. *Seago*, 141 *Ga.* 113 (80 S. E. 290).

Under the law and the evidence the court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*