BYRD *v.* McLUCAS *et al.*

No. 14116. MAY 26, 1942.

*Lester Dickson,* for plaintiff.
*W. B. Hollingsworth,* for defendants.

JENKINS, Justice. Goodman, claiming title to a former railroad right of way, containing about five acres being 200 feet wide, and running through a tract of land belonging to Byrd, filed a petition to the processioners of his militia district, attaching a copy of his deed; and asked that the boundaries of his right of way premises be marked anew. Byrd brought a petition for a writ of prohibition against the processioners, alleging: (1) that the boundaries to the right of way had never been marked, and no post had been set up to indicate the same, and therefore that the lines could not be marked anew in a processionaing proceeding; (2) that he owned and had been in possession of the entire right of way for more than fifteen years under a deed to the premises through which the right of way ran, and had cultivated the right of way for that period up to the abandoned road-bed; and (3) that he owned the right of way under another deed conveying the specific land comprising the right of way. Goodman, the applicant for processioning, intervened as a defendant in this case. The judge dismissed the petition for a writ of prohibition on the ground that the petitioner had other legal remedies. *Held:*

1. While it is the duty of processioners to mark anew established lines, and not to locate them as they originally ought to have been laid out, with the result that the processioners can not mark anew lines which have never in a legal sense been established, this does not mean that where established enclosing boundaries are not physically marked in their entirety, processioners can not function. If this were the case, their office would be useless. Thus, even though the course and extent of the lines themselves may not have been physically marked out in their entirety upon the earth's surface, yet if there should exist a sufficient number of physically established corners or landmarks, the mere connecting of which by straight lines would suffice to complete the boundaries, or if there be an established line of demarcation, such as an abandoned road-bed of a railroad, and if parallel boundaries of the railroad right of way can be actually determined by courses and distances with respect thereto, it would be the duty of processioners, in accordance with the provisions of the Code, § 85-1601 et seq., to so ascertain and establish the same, but respecting always any rights had under actual possession as defined by § 85-1603. The petition for the writ of prohibition does not show that the processioners would

be unable to project and mark lines already established in a legal sense, from data which might be furnished to them in accordance with the foregoing rules. But even if the petition had done so, it would only raise a question of fact under the conflicting pleadings; and the writ of prohibition would not lie to circumvent such a determination by the processioners, since it will be presumed that they would not undertake to exercise a jurisdiction which they do not possess. In the event that they should undertake to do so, and a protest should be made with appeal to the superior court under § 85-1609, it would be the duty of that court to dismiss the whole proceeding for want of jurisdiction of the subject-matter. *Amos* v. *Parker,* 88 *Ga.* 754 (2) (16 S. E. 200); *Crawford* v. *Wheeler,* 111 *Ga.* 870 (36 S. E. 954). In like manner, since the object of our summary processioning laws is to settle disputes of boundary lines between coterminous landowners, and the proceeding is not designed as a substitute for an action in ejectment to settle title, which is not directly involved, it will likewise be presumed that the processioners would not undertake to exercise jurisdiction to pass upon or determine any question involving a disputed title, but will confine themselves solely to the fixing of boundaries between the adjacent claimants, leaving undetermined any question relating to conflicting claims as to the title itself. The provisions of § 85-1603 do not relate to the determination of prescriptive title, but merely to the fixing of prescriptive boundaries as between coterminous claimants. *Georgia Talc Co.* v. *Cohutta Talc Co.,* 140 *Ga.* 245 (2, 3), 247 (78 S. E. 905); *Elkins* v. *Merritt,* 146 *Ga.* 647, 648 (92 S. E. 51); *Christian* v. *Weaver,* 79 *Ga.* 406 (2), 409 (7 S. E. 261); *Bowen* v. *Jackson,* 101 *Ga.* 817, 819 (29 S. E. 40).

2. In accordance with the foregoing rules, the judge properly dismissed upon general demurrer the petition for a writ of prohibition, since such a writ is available only where there is lack of jurisdiction of the subject-matter, or where the act complained of was in excess of the jurisdiction of the court or tribunal (*City of Macon* v. *Anderson,* 155 *Ga.* 607, 614, 117 S. E. 753; *Beavers* v. *Armistead,* 156 *Ga.* 833 (3), 120 S. E. 526); and it will be presumed that the processioners, having jurisdiction of the subject-matter, in passing upon their own jurisdiction will not act beyond their proper legal functions. Nor can the writ of prohibition prop-

erly be invoked merely because the remedy is more direct or convenient. *Jackson* v. *Calhoun,* 156 *Ga.* 756 (*b*), 759 (120 S. E. 114). *Judgment affirmed. All the Justices concur.*