## 30603. SMITH v. CLEMONS.

DECIDED SEPTEMBER 30, 1944.

*Jule Felton, L. L. Woodward,* for plaintiff in error.
*Dallam R. Jackson,* contra.

FELTON, J. The questions involved arose from the trial of issues raised by a protest filed to the return of processioners setting up a boundary line between the applicant, E. D. Clemons, and the protestant, H. S. Smith. The jury found in favor of the line contended for by Clemons, this being the line set up by the processioners. Smith's motion for a new trial was overruled, and he excepted.

E. D. Clemons's deed described his land as all of lot of land No. 42 in the 3d district of Dooly County except 43 acres on the north side, containing 159 acres, more or less. H. S. Smith's deed described his land as 43 1/2 acres of land in the same lot, beginning at the northeast corner of said lot and running west 45 chains 50 links to the west lot line; thence south 9 chains 58 links; thence east 45 chains 50 links to the east lot line; thence 9 chains 58 links

to the place of beginning. Neither of the processioners testified. It appears conclusively from the testimony of the surveyor that the processioners marked and set up a new line, which had never been laid out, marked, or established before. He testified that the line was marked as it should be, and that was all he knew about it. The line set up was arrived at by measuring 9 chains 58 links south on each of the north and south lot lines and connecting these points by a straight line. There were no established corners except the original and true corners of the lot. The south line of the Smith land, and the north line of the Clemons land, as laid off by the processioners, and as described in Smith's deed, had never been marked, designated, or established in any way, as appears conclusively from the evidence.

Under repeated rulings of the Supreme Court and this court a verdict setting up such a new line can not be allowed to stand, as such is beyond the jurisdiction of processioners. In *Amos* v. *Parker,* 88 *Ga.* 754 (16 S. E. 200), the court stated: "To ascertain and fix new lines is not within the power or functions of processioners. Their vocation is to run and mark lines which at some previous time were located and established. They seek and find lines already existing, but can not bring into existence any which have not been before designated on the surface of the earth. Lines merely drawn on paper or in the minds of contracting parties, are not ready for the search or services of processioners." See also in this connection, *Walker* v. *Boyer,* 121 *Ga.* 300 (48 S. E. 916); *Crawford* v. *Wheeler,* 111 *Ga.* 870 (36 S. E. 954); *Wheeler* v. *Thomas,* 139 *Ga.* 598 (77 S. E. 817); *Bowen* v. *Jackson,* 101 *Ga.* 817 (29 S. E. 40); *Boyce* v. *Cook,* 140 *Ga.* 360 (78 S. E. 1057); *Coley* v. *Horkan,* 147 *Ga.* 148 (2) (93 S. E. 81); *Langley* v. *Woodruff,* 144 *Ga.* 702 (87 S. E. 1054); *Cartledge* v. *Seago,* 141 *Ga.* 113 (80 S. E. 290); *Byrd* v. *McLucas,* 194 *Ga.* 40 (20 S. E. 2d, 597); *Elkins* v. *Merritt,* 20 *Ga. App.* 737 (93 S. E. 236); *Cosby* v. *Reid,* 21 *Ga. App.* 604 (94 S. E. 824); *Mattox* v. *DeLoach,* 32 *Ga. App.* 454 (123 S. E. 624); *Aderhold* v. *Lambert,* 67 *Ga. App.* 166 (19 S. E. 2d, 538); *Smith* v. *Brinson,* 43 *Ga. App.* 248 (158 S. E. 454); *Davis* v. *Terrell,* 70 *Ga. App.* 478 (28 S. E. 2d, 590). As to lines being established by the erection of a fence and acquiescence therein for seven years, see *Brown* v. *Hester,* 169 *Ga.* 410 (3) (150 S. E. 556). The finding of the processioners and the jury was wholly unwarranted.

■ There was evidence authorizing the jury to find that the line contended for by Smith had been established by acquiescence for seven years by the predecessors in title of the parties in this case. Such a line is binding on the grantees of such predecessors in title. *McGill* v. *Dowman,* 195 *Ga.* 357 (2) (24 S. E. 2d, 195), and cit. It was error for the court, without a request, to fail to charge the jury explicitly on this question.

■ It was error for the court to admit the following testimony of the witness L. W. Moore over the objection that it was hearsay: "And running from there, and when we run out to the road Mr. Smith's son was there, and he came up and he said, 'I think now you got the right place.'" There was no evidence that Mr. Smith's son could bind him by any statement made about the line.

■ The court erred in charging the jury as follows: "Now Mr. Clemons contends that he undertook to get an agreed and established line with Mr. Smith in the matter, but he was unable to get any agreement out of him, and that he promised him on different occasions to reach a settlement of the matter and could not get him to agree on a line, so he applied to the courts, as he expressed it, or to the authorities to establish a line." This charge was foreign to any issue in the case and tended to prejudice the jury against Mr. Smith.

5. It was error for the court to charge as follows: "To establish a line by acquiescence it must appear that the owners of the property to be affected by the establishment of the line, either act in such a manner for a space of seven years, or made such declarations during the continuance of that period as to show that the line claimed was the true line between the estates." *Williams* v. *Giddens,* 132 *Ga.* 342 (2) (64 S. E. 64). It was also error for the court to charge the jury that "when land owners owning land on each side of a line by their declaration *and* acts, acquiesce in a line at a certain place, may establish that line," for the reason that a line may be established by acts *or* declarations, and both are not required. The correct law was charged, but the erroneous charge was not corrected or withdrawn from the jury.

■ It was error for the court to charge the jury on the question whether an unascertained or disputed boundary line between coterminous proprietors might be established by oral agreement, since there was no evidence to authorize any such finding. *Robertson* v. *Abernathy,* 192 *Ga.* 694 (4 *a*) (16 S. E. 2d, 584).

The acts of the processioners were not void solely because they were appointed by the ordinary instead of the county board of-roads and revenues. *Tucker* v. *Roberts,* 151 *Ga.* 753 (108 S. E. 222); *Hayes* v. *Wilson,* 63 *Ga. App.* 318 (11 S. E. 2d, 89); *Usry* v. *Hadden,* 65 *Ga. App.* 227 (15 S. E. 2d, 629).

It was not error for the court to overrule the motion to dismiss the entire proceeding on the ground that the processioners could not run a new line as the evidence authorized a finding that the Smith line should be established.

A new trial is granted as to the general grounds because neither the processioners nor the jury was authorized to set up the line which they undertook to set up, and because the processioners did not undertake to run anew an old established line, but merely endeavored to run the line where they thought it ought to be. The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*