## 30627.  DEAN *v.* HILL.

DECIDED SEPTEMBER 30, 1944.

*A. A. Nathan, D. W. Krauss,* for plaintiff.

*W. C. Little,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) The emergency price control act of 1942 (50 U. S. C. A., Appendix, § 902), provides as follows: "(a) Whenever in the judgment of the Price Administrator (provided for in section 201 [section 921 of this appendix]) the price or prices of a commodity or commodities have risen or threaten to rise to an extent or in a manner inconsistent

with the purposes of this act, he may by regulation or order establish such maximum price or maximum prices as in his judgment will be generally fair and equitable and will effectuate the purposes of this act. . . (b) Whenever in the judgment of the administrator such action is necessary or proper in order to effectuate the purposes of this act, he shall issue a declaration setting forth the necessity for, and recommendations with reference to, the stabilization or reduction of rents for any defense-area housing accommodations within a particular defense-rental area." Section 921 (d) provides: "The administrator may, from time to time, issue such regulations and orders as he may deem necessary or proper in order to carry out the purposes and provisions of this act." There is no allegation anywhere in the petition that any regulations were promulgated by the Price Administrator; nor is there set out therein or by exhibit attached thereto, the regulations of said Price Administrator, if any were promulgated, which would affect the housing accommodations in question. It is not alleged that the apartment rented to the plaintiff was located in any area which had been designated by said administrator as a defense-rental area. In fact, it does not appear from the declaration or the attachment, in what county or State the apartment in question is located. It is not alleged that the Price Administrator, or anyone having authority to represent him in such matters, had promulgated any regulation, order, or price schedule, prescribing a maximum rent for housing accommodations in the area in which said house or apartment in question was located. It is not alleged that the Price Administrator, or anyone having authority to represent him in such matters, had promulgated any regulation, order, or price schedule, prescribing a maximum rent for the particular apartment alleged to have been rented by the plaintiff from the defendant.

The declaration in attachment failed to show any right in the plaintiff to recover damages against the defendant, and the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Felton and Parker, JJ., concur.*