31790, 31806. ROGERS *v.* BEAVERS; and *vice versa.*

DECIDED OCTOBER 29, 1947.

W. B. *Robinson, Pittman & Hodge,* for plaintiff in error.

D. W. *Mitchell, Walter H. Bolling,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ According to the testimony of the surveyor who was put up by the protestant and the three processioners who were introduced on behalf of the applicant, their sole purpose was to run the original line between land lot numbers 232 and 231, owned by the applicant, and 237 and 238 owned by the protestant. At some time or other in the testimony of each they so testified, and at no time was there any testimony to the contrary. On the other hand, there was evidence on behalf of the protestant that would have authorized the jury to have found that the general reputation in the neighborhood as to ancient landmarks of more than 30-years' standing, established this line at a point 300 yards more favorable to the protestant; that more than 30 years previously coterminous owners had run and established this line at the point as contended by protestant, and that this agreement had thereafter been duly executed by recognition on the part of the respective owners at this point as the line by cutting timber up to it; that there had been acquiescence to the point contended by protestant as the line by coterminous owners for more than 7 years; that there was actual adverse possession of a part of the land claimed by protestant in her and her predecessors in title for more than 20 years. Indeed, according to the testimony of the surveyor and the processioners themselves, there was evidence that the line as run by them went through land in the possession of the protestant. As was pointed out by Judge Gardner, speaking for this court, in *Hall* v. *Browning,* 71 *Ga.*

*App.* 694 (32 S. E. 2d, 126), the duty of processioners appointed under authority of the Code, § 85-1605, is to survey and mark anew established lines as they actually exist, and not as they ought to have been laid out originally. *Amos* v. *Parker,* 88 *Ga.* 754 (16 S. E. 200); *Wheeler* v. *Thomas,* 139 *Ga.* 598 (77 S. E. 817); *Pearre* v. *Wilkinson,* 181 *Ga.* 619 (183 S. E. 626); *Cosby* v. *Reid,* 21 *Ga. App.* 604 (94 S. E. 824); *Aderhold* v. *Lambert,* 67 *Ga. App.* 166 (19 S. E. 2d, 538). In processioning and marking anew established lines, the processioners are bound by the rules which the law prescribes. These general principles are set out as follows: "Natural landmarks, being less liable to change, and not capable of counterfeit, shall be the most conclusive evidence; ancient or genuine landmarks such as corner station or marked trees, shall control the course and distances called for by the survey. If the corners are established, and the lines not marked, a straight line, as required by the plat, shall be run, but an established marked line, though crooked, shall not be overruled; courses and distances shall be resorted to in the absence of higher evidence." Code, § 85-1601. "General reputation in the neighborhood shall be evidence as to ancient landmarks of more than 30 years' standing; and acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." § 85-1602. "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." § 85-1603. See *Hall* v. *Browning* (supra). Therefore it appears that the processioners, who were no doubt honestly trying to do right between these parties, nevertheless disregarded the principles of law set forth in the Code sections quoted above.

However, it will be noted that while the motion of counsel for protestant was to direct a verdict, not only against the return of processioners, but also in favor of the line as contended by protestant, yet the judgment of the court was one dismissing the proceedings only. Though the evidence on the trial of a processioning proceeding, under Chapter 85-16 of the Code, is not sufficient to authorize the establishment of the line between coterminous owners of adjacent land lots as located by the processioners, yet it is error to dismiss the entire proceeding on the

ground that it is the province of the processioners to survey and mark anew established lines as they actually exist, and because they are without authority to run a new line, where the evidence as a whole authorizes the jury to establish such dividing line other than as located by the processioners. See *Smith* v. *Clemons,* 71 *Ga. App.* 592 (8) (31 S. E. 2d, 621). While the evidence in the instant case could not have authorized a verdict in favor of the applicant, yet, a verdict in favor of the protestant was authorized. The evidence being sufficient to have authorized a verdict determining the rights of the parties in the premises, the dismissal of the proceedings was error, and the case must be reversed. See, in this connection, *Stewart* v. *Jackson,* 144 *Ga.* 501 (2), (3) (87 S. E. 656).

■ By cross-bill of exceptions the protestant assigns error on the failure of the court, on motion of her counsel, to direct a verdict in favor of the line as contended by her, which motion was made at the same time her counsel moved for a directed verdict against the line as surveyed by the processioners. It is not necessary for this court to determine whether or not the evidence demanded a verdict in favor of the protestant. It is enough for us to point out that refusal to direct a verdict is not error in any case. *Roper Wholesale Grocery Co.* v. *Faver, Kelly* v. *Strouse, Western & Atlantic Railroad* v. *Michael, Coastal News Co.* v. *Jacksonville Paper Co.* (supra).

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. MacIntyre, P. J. and Gardner, J., concur.*