34562. MILLIGAN *v*. HALE.
34563. MOON *v*. HALE.

DECIDED APRIL 22, 1953.

*Roberts & Roberts*, for plaintiff in error.

*D. M. Pollock*, contra.

TOWNSEND, J. "To ascertain and fix new lines is not within the power or functions of processioners. Their vocation is to run and mark lines which at some previous time were located

and established. They seek and find lines already existing, but can not bring into existence any which have not been before designated on the surface of the earth. Lines merely drawn on paper or in the minds of contracting parties are not ready for the search or services of processioners." *Amos* v. *Parker*, 88 *Ga.* 754 (16 S. E. 200); *Smith* v. *Clemons*, 71 *Ga. App.* 589 (31 S. E. 2d, 621), and citations. "Under the law of processioning as it exists in this State, established lines, and not new ones, are to be fixed and determined; the location of lines, not as they ought to be, but as they actually exist, is to be sought; and where one has been in actual possession of land for more than seven years, under a claim of right, such claim shall be respected by the processioners, even though the land so possessed should be found to be within the original line of the opposing party." *Bowen* v. *Jackson*, 101 *Ga.* 817 (29 S. E. 40).

The testimony of the applicant Hale and of the protestant Mrs. Moon was in conflict to the extent that both parties claimed to have held actual possession of the disputed land up to the boundary line as claimed by each of them respectively. However, the undisputed evidence in the case is that the line as run by the processioners followed natural landmarks; and that the line as contended for by the protestant not only would not have retraced old landmarks but would have run through cultivated fields, which demonstrated possession in another, which possession, as shown by the testimony on the trial of this case, had been for a period of more than seven years. There is further no evidence to support the protestant's contention that the northwest and southwest corners of the Hale property had, at some time after she sold Hale the land, been moved forty feet to the west; but, on the contrary, all the testimony except her own is to the effect that these corners had for years been the recognized and undisputed corners of the property. The defects inherent in the case of *Smith* v. *Brinson*, 43 *Ga. App.* 248 (158 S. E. 454), where the processioners, in seeking the "true original line" ignored the claims of both sides and also ignored evidences of possession as shown by fences, cultivated fields, and so on, are not present here; but, on the contrary, the processioners advised themselves as to the contentions of both parties and then, in retracing the line, took into account both natural land-

marks and evidence of possession as shown by cultivated fields. It follows, therefore, that the verdict in favor of the line as found by the processioners was supported by the evidence, and the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*