## 69495. WATKINS v. CHAPPELL.
(328 SE2d 223)

SOGNIER, Judge.

Richard Chappell filed a petition to have processioners appointed to re-mark a certain line between lands he claimed and alleged lands of Robert L. Watkins. Watkins was notified of the request and the return of the processioners was duly entered. Watkins appealed the ruling of the processioners to the Superior Court of Twiggs County and after trial of the issue the jury returned a verdict in favor of Chappell. Watkins appeals.

1. We find no merit in appellant's enumeration that the trial court erred by denying his motion to dismiss on the basis that the landowners adjacent to the line in question were not notified of the processioning proceeding in accordance with OCGA § 44-4-2. It is uncontroverted that appellant was properly notified of the processioning proceeding and the record fails to support appellant's assertion that he was not the owner of the adjoining property at the time the processioning proceeding was instigated.

2. We find no error in the trial court's denial of appellant's motion to dismiss alleging that the processioners failed to fulfill their duties as described in OCGA §§ 44-4-2 and 44-4-3. "The duty of processioners duly appointed is to survey and *mark anew* an established line or lines as they actually exist and not as they ought to

have been laid out originally. The processioners must find the old lines already established, and they have no right, power or authority to make or find new dividing lines between adjoining landowners. [Cits.] They have no right to run a line where they think it should be in order to establish it, but together with the county surveyor they must *retrace* and *mark anew established lines* and *not mark new lines.*" Purcell v. C. Goldstein & Sons, 166 Ga. App. 547, 549 (305 SE2d 10) (1983). (Emphasis in original.) The testimony of the three processioners and the county surveyor shows that the processioners marked anew the old line after considering the natural and artificial landmarks as to the location of the line. See *Dally v. Arnold*, 91 Ga. App. 395, 400 (85 SE2d 808) (1955). The evidence was ample to support a finding that the processioners properly performed their duties pursuant to OCGA §§ 44-4-2 and 44-4-3.

3. We find no merit in appellant's remaining enumeration. The absence of a complete survey of the entire tracts is not error where the application to the processioners was to mark anew only one specific boundary line between the tracts and the return officially did just that. OCGA § 44-4-9; see *McAlpin v. Thompson*, 29 Ga. App. 495 (2) (116 SE 64) (1923).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 27, 1985 —
REHEARING DENIED MARCH 13, 1985.

*Roy N. Cowart, Pamela M. Richards*, for appellant.
*James G. Maddox*, for appellee.