*E. M. Owen* and *C. L. Redman,* for defendant.

---

## BURNS *v.* TOOTLE.

1. A grantor in his deed described the land thereby conveyed as follows: "All that tract or parcel of land being and lying in the County of Tattnall, 1432 G. M. dist. of Georgia, and said to contain forty-eight acres of land, more or less, and bounded as follows, to wit: On the north by C. E. Purcell, east by the run of Beard's Creek, south by other lands of W. H. Rolls, west by Buck Branch run; being the same lands that W. H. Rolls bought from J. S. Easterling." *Held,* that the description is not so indefinite as to exclude the deed from evidence, and aliunde evidence is receivable to identify the land as that purchased by the maker from Easterling.

2. A plat or map was offered in evidence. It was objected to by the defendant, on the grounds that "it was immaterial, irrelevant, and prejudicial; and . . that it was made by the surveyor in a processional proceeding which had been declared illegal and void; and . . that it could not bind defendant or his privies in title, it not being shown that he or his privies ever consented to its correctness." The court admitted the map "only for the purpose of showing the location of these streams and land." The surveyor who made the map testified: "I am a surveyor with many years' experience, and I made the survey of the land covered by this plat, and this plat is a correct representation of the land covered by it, and shows the location of the different streams down there in that creek swamp." *Held,* that the court did not err in admitting the map in evidence for the purpose stated.

3. The evidence authorized the verdict, and the court did not err in refusing a new trial.

No. 6220. APRIL 13, 1928.

Equitable petition. Before Judge Daniel. Tattnall superior court. July 22, 1927.

*J. T. Grice,* for plaintiff in error. *C. L. Cowart,* contra.

BECK, P. J. Mrs. E. S. Tootle brought her petition seeking an

injunction and a recovery of damages against T. F. Burns for timber which he had cut. Burns filed his answer denying the material allegations of the petition. Upon the trial the jury returned a verdict in favor of the plaintiff, for a permanent injunction and for a small amount as damages. The defendant made a motion for new trial, which was overruled, and he excepted.

1. The original motion contains the usual general grounds, and the amendment to the motion contains two specific assignments of error. In the first special ground error is assigned upon the admission in evidence of a deed made by W. H. Rolls to the plaintiff. The objection urged to the allowance of this instrument in evidence was that it is "too indefinite and insufficient to convey title." The description of the land which the instrument offered in evidence purports to convey is as follows: "All that tract or parcel of land being and lying in the County of Tattnall, 1432 G. M. dist. of Georgia, and said to contain forty-eight acres of land, more or less, and bounded as follows, to wit: on the north by C. E. Purcell, east by the run of Beard's Creek, south by other lands of W. H. Rolls, west by Buck Branch run; being the same lands that W. H. Rolls bought from J. S. Easterling." The court did not err in admitting this deed in evidence over the objection. The deed is not void for indefiniteness of description. The description given was sufficient to allow the introduction of aliunde evidence to identify the land. This case varies from that of *Huntress* v. *Portwood,* 116 *Ga.* 351 (42 S. E. 513), and is more like that of *Marshall* v. *Carter,* 143 *Ga.* 526 (85 S. E. 698). In that case the grantor in his deed described the land thereby conveyed as follows: "All that certain tract, part, or portion of land, situate, lying, and being in the 456th G. M. district of Appling County, containing two hundred and forty-five (245) acres, more or less, and bounded as follows: on the north by lands of W. L. Stone, on the east by lands of H. A. Walker, on the south by lands of H. G. Hall, and on the west by lands of B. M. Johnson. Said tract of land being land I purchased from Mrs. Odum about five (5) years ago." One of the abutters in the calls was the grantor, and it was held that the description was not so indefinite as to exclude the deed from evidence, and that aliunde evidence was receivable to identify the land as that purchased by the maker from Mrs. Odum. In the case of *Glover* v. *Newsome,* 142 *Ga.* 862 (83

S. E. 939), it was held that the deed was not void upon the ground of indefiniteness of the description of the land which it purported to convey; the description in that case being as follows: "One lot of land in town of Gibson, Georgia, with all improvements thereon, containing two acres, more or less, bounded as follows: on the north by public road from Gibson to Underwood causeway and lot of said [grantee]; bounded west by Pound street of said town; bounded east by public alley; bounded south by other lots of" the grantee. And in the course of the opinion it was said: "There are several points of difference between that case [*Huntress* v. *Portwood,* supra] and the one now under consideration. There is nothing on the face of the deed involved in the present case to show that the lot conveyed by it formed a part of a larger tract owned by the grantor, and was sought to be separated from it only by the conveyance."

2. The ruling in the second headnote requires no elaboration.

3. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*