CROFT *v.* BEVERLEY.

JENKINS, Chief Justice.   1. "An unascertained or disputed boundary line between coterminous proprietors may be established either by oral agreement, if the agreement be accompanied by actual possession to the agreed line or is otherwise duly executed; or by acquiescence for seven years by the acts or declarations of owners of adjoining land, as provided in the  . .  [Code, § 85-1602]. When a line has been located and established by seven-years acquiescence, as required by the Code, the line thus located and established is binding on the grantees of the coterminous proprietors." *Gornto* v. *Wilson,* 141 *Ga.* 597, 598 (2) (81 S. E. 860); *Osteen* v. *Wynn,* 131 *Ga.* 209 (62 S. E. 37,·127 Am. St. R. 212); *Henderson* v. *Walker,* 157 *Ga.* 856 (2) (122 S. E. 613). ·

(*a*) While the evidence in the instant case fails to show an agreement between the parties as to the location of the dividing line between coterminous owners, nevertheless there was undisputed evidence that both the plaintiff and his predecessor in title had not only claimed title, but had actually cultivated over a period of approximately twenty years the small strip of land here in dispute, which lay on the south side of an east-west drainage ditch, which ditch, it is contended by the plaintiff, established the dividing line. It 'was further shown by undisputed evidence that predecessors in title of both the plaintiff and the defendant had erected fences on the north and south sides of the

drainage ditch, respectively, a large portion of which, on the side claimed by the plaintiff, still stands. Furthermore, the defendant's own witnesses testified that in 1933, when the survey was made under which the defendant now relies to establish the dividing line, the disputed land lying between the ditch and the line shown by the defendant's survey was then under cultivation and claimed by the plaintiff's predecessor in title; and that the defendant made no remonstrance and took no action to assert ownership until some twelve years later, in 1944, when he undertook to stop up the drainage ditch and to fence in the property along the line as fixed by his survey made in 1933, which action resulted in the present litigation.

(b) Under the above undisputed evidence, the jury was authorized, if indeed not required, to find that both parties had acquiesced for a period of over seven years in a dividing line as established by the drainage ditch. Accordingly, the general grounds of the motion for new trial are without merit.

2. The court charged in several instances to the effect that, if the jury should find the drainage ditch in question and the extension thereof had been acquiesced in by acts or declarations of both parties over a period of seven years, the ditch and a straight continuation thereof would be the true dividing line. The exception is to the use of the words with reference to the extension of the ditch as establishing the dividing line, not as stating an incorrect principle of law, but on the ground that the plaintiff made no contention either in his pleadings or evidence that the dividing line was an extension of the drainage ditch. While the petition simply alleged that the drainage ditch was the dividing line, the evidence disclosed that the ditch had at one time completely separated the properties involved, and that it still separates all of the land on one side of a road, while on the other side it is open for a distance of 100 to 150 yards where it now disappears into heavy brush; and since it appears that the ditch is on a straight line, and since the defendant himself contends that the dividing line is straight but south of the ditch, the charge with respect to fixing the dividing line as an extension of the drainage ditch was fully authorized by the evidence, and the exception thereto is without merit. See, in this connection, *Ivey* v. *Cowart*, 124 *Ga.* 159 (52 S. E. 436, 110 Am. St. R. 160); *Cosby* v. *Reid*, 21 *Ga. App.* 604 (94 S. E. 824).

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., who dissents.*

No. 15803. MAY 14, 1947.

*P. Q. Bryan,* for plaintiff in error. *Hoyt H. Whelchel,* contra.