## BENNETT *v.* PERRY.

DUCKWORTH, Chief Justice. Mrs. Ada Bennett (the plaintiff in error) filed a petition against W. W. Perry (the defendant in error), in which she alleged that she was the owner of a described tract of land, and that the defendant was threatening to erect a fence on the north side of her lands which would enclose some of her property. Her prayer was for injunction against the erection of the fence and against any

trespass on her lands. The defendant filed an answer, in which he alleged that he and the plaintiff were coterminous landowners; that the line between the properties was approximately fifty-four feet south of the point claimed by the plaintiff, and marked by an old fence row and trees growing in the fence row; and that the line had been acquiesced in by the plaintiff and the predecessors in title of the defendant for a period of more than twenty years, both parties cultivating the lands up to that point. After the trial, resulting in a verdict for the defendant, the plaintiff filed a motion for new trial, which was denied. The exception here is to that judgment. *Held*:

1. Code § 85-402 and all Code sections on "adverse possession" refer to title by prescription and have no bearing on establishing dividing lines by agreement and possession or acquiescence by acts or declarations for seven years. No title passes by these methods of establishing lines; hence it would have been reversible error if the court had charged on permissive possession or adverse possession, as contended in the special ground of the motion for new trial.

2. The testimony of the plaintiff and her husband, who acted as her agent, should have been construed most strongly against them. By such construction the jury was authorized to accept that part of it showing the erection of the fence and reject the other part, which was that the fence was not intended to be the dividing line but only to divide hog feed, in favor of the admitted fact that for a period of about twenty-nine years each party cultivated up to the fence, thereby finding that by these acts there had been acquiescence in the fence as the line for more than seven years. They could have likewise rejected the testimony of agreement as to the line in 1948 because, to be effective, such agreement must be followed by immediate possession of the respective tracts up to the agreed line. In addition, there was other testimony from which the jury could have found that there had been acquiescence in the fence as the line for seven years. See Code, § 85-1602; *Farr* v. *Woolfolk*, 118 *Ga.* 277 (45 S. E. 230); *Osteen* v. *Wynn*, 131 *Ga.* 209 (62 S. E. 37); *Sapp* v. *Odom*, 165 *Ga.* 437 (141 S. E. 201); *Tietjen* v. *Dobson*, 170 *Ga.* 123 (152 S. E. 222). The evidence being sufficient to support the verdict the general grounds of the motion are not meritorious; and the other special grounds, being merely arguments to support the general grounds, are also without merit.

*Judgment affirmed. All the Justices concur.*

No. 17243. OCTOBER 11, 1950.

*S. B. McCall*, for plaintiff.

*Hugh D. Wright* and *H. W. Nelson*, for defendant.