35667. BANKS *v.* LANE.

DECIDED JUNE 8, 1955.

*W. H. Key,* for plaintiff in error.

*J. Ben Warren,* contra.

GARDNER, P. J.   1.   It is conceded by both parties that the only issue before this court is whether or not there is any evidence to support the verdict, the plaintiff contending that there is none and that the evidence under the law applicable to this case demands a verdict for the plaintiff.   The defendant on the other hand, contends that, while the evidence is conflicting, there is sufficient evidence to support the verdict.

We have read the evidence and have reached the conclusion that there is sufficient evidence to support the verdict, and that the court did not err in denying the motion for a new trial, based only on the statutory grounds.   In our opinion the law, under the facts of this case, supporting the view which we have above announced, is found in the Code, § 85-1602, as follows: "General reputation in the neighborhood shall be evidence as to ancient landmarks of more than 30 years standing; and acquiescence for 7 years, by acts or declarations of adjoining landowners, shall establish a dividing line."

In *Ehrlich* v. *Mills,* 203 *Ga.* 600, 602 (48 S. E. 2d 107) the Supreme Court said that acquiescence for 7 years, by acts or declarations of adjoining landowners, shall establish a dividing line.   See also *Bennett* v. *Perry,* 207 *Ga.* 331 (2) (61 S. E. 2d 501).

The testimony of one witness, Josiah Pressley, was to the effect that he had known the land in question for about 30 years; that the line had been known to be the line claimed by the defendant; and that he had pastured and cultivated the land for more than 20 years according to the line claimed by the defendant.   There is other evidence in the record, quoted hereinabove, to the effect that there was an acquiescence for 7 years by acts and declarations of adjoining landowners that the line claimed by the defendant was established as the dividing line in question.   There are other authorities sustaining the verdict of the jury, which we do not deem it necessary to cite, since a careful reading of the evidence and the authorities already cited is clear on this point.

2.   We are aware that the evidence in many respects is in

dispute, but the evidence and the weight of the evidence are questions for the jury, and the jury resolved the issues against the plaintiff. Counsel for the plaintiff, after calling attention to various excerpts from the evidence, contend that the evidence submitted by the plaintiff overshadowed, eliminated, and completely overcame the evidence on behalf of the defendant, to the extent that a verdict was demanded on behalf of the plaintiff. Our attention is called by the plaintiff particularly to the evidence of Pressley, and it is in effect contended that, if his evidence was admissible for any reason, such evidence does not come under the definition of "traditionary reputation," and the present-day reputation as to the boundary line is not admissible, and the case of *McAfee* v. *Newberry*, 144 *Ga.* 473 (1) (87 S. E. 392), is cited as authority therefor. There is further contention by the plaintiff that the testimony of Pressley was hearsay, and *Rocker* v. *DeLoach*, 178 *Ga.* 480 (173 S. E. 709), is cited as authority therefor. We do not think these decisions are applicable to the facts of this case. The evidence of Pressley was to the effect that he himself knew the boundary line because he was for more than 30 years the only tenant on the Mobley Place, now owned by Wyatt, from whom the defendant purchased the timber. Neither do we find there is any application of the following cases:

*Cobb* v. *Battle*, 34 *Ga.* 458; *Taggart* v. *Savannah Gas Co.*, 179 *Ga.* 181 (1) (175 S. E. 491); *Georgia Ry. &c. Co.* v. *Harris*, 1 *Ga. App.* 714, 717 (57 S. E. 1076); *Armour & Co.* v. *Gulley*, 61 *Ga. App.* 414 (6 S. E. 2d 165); *Southern Timber Co.* v. *Bland*, 32 *Ga. App.* 658 (124 S. E. 359); *McSwain* v. *Estroff*, 34 *Ga. App.* 183 (2) (129 S. E. 16); *Slater* v. *State*, 44 *Ga. App.* 295, 297 (161 S. E. 271); and Code § 38-301. In view of what we have said, under the evidence of this case we deem no further comment necessary.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*