### 19047. Brunswick Pulp & Paper Co. *v.* Wilson *et al.*

Duckworth, Chief Justice. This is a suit in ejectment involving a tract of land in land lot 103, 2nd District, Brantley County, Georgia, formerly a part of Wayne County. Land lot 103 is woodland and should have contained a full 490 acres of land, but actually contained only about 448 acres, and all the issues involve a strip of land extending west to east generally across the middle of the lot, which is a part of the north half thereof, the main issue being whether the dividing line between the parties is the division line between the northern half and the southern half of the lot, or an allegedly established line which was marked by a surveyor some fifty years ago. The case proceeded to verdict and judgment in favor of the plaintiff, but at the close of the trial the defendant made a motion for a directed verdict, which was denied. Thereafter the jury found in favor of the plaintiff, and the defendant filed a motion for new trial as amended and a motion for a judgment notwithstanding the verdict with an amendment thereto. After a hearing on these two motions as amended, the court denied both on each and every ground, and the exceptions here are to these two judgments and to the denial of the motion for a directed verdict. *Held:*

1. Where the line between coterminous lands is indefinite, disputed or unascertained, and a parol agreement by the adjoining owners, fixing the dividing line, is executed by possession, erection of monuments, the marking of trees, or otherwise marking the agreed line, such line will constitute the dividing line, binding alike upon the parties thereto and their successors. *Farr* v. *Woolfolk,* 118 *Ga.* 277 (45 S. E. 230); *Osteen* v. *Wynn,* 131 *Ga.* 209 (62 S. E. 37, 127 Am. St. R. 212); *Hart* v. *Carter,* 150 *Ga.* 289 (103 S. E. 457); *Veal* v. *Barber,* 197 *Ga.* 555 (30 S. E. 2d 252); *Warwick* v. *Ocean Pond Fishing Club,* 206 *Ga.* 680 (58 S. E. 2d 383).

2. Even though some of the conveyances here involved contained the precise description, "south half" or "north half" of lot No. 103 of the 2nd District of Wayne County, Georgia, all but the first description from W. R. Cooper, the common grantor, conveying exactly the north half, contained the further description of a boundary on the "south" or "north" by the land line of a named person. These further descriptions would cause to be embraced in such deeds all land up to the line when ascertained. *Veal* v. *Barber,* 197 *Ga.* 555, supra; *Warwick* v. *Ocean Pond Fishing Club,* 206 *Ga.* 680, supra.

3. But where, as here, the common grantor, while owning the entire lot, conveyed by deed, dated January 17, 1903, "one half of the lot of land No. (103) one hundred and three in the second district of Wayne County. Said land being the north half of said lot No. 103 as aforesaid," Keen, his grantee, acquired thereby exactly half of lot 103, no more and no less, and the deed can not be construed to convey any more or less. *Jackson* v. *Beameguard,* 208 *Ga.* 773 (69 S. E. 2d 772). Nor would the subsequent grantee from the common grantor—whose deed described the land thereby conveyed as a part of the south half of lot 103 in the 2nd District of Wayne County, and bounded on the north by lands of Keen, the grantee of the common grantor, to the north half of said lot— acquire any part of the north half of said lot. What has just been said

of the immediate grantees applies equally to all subsequent grantees, including the parties in this case.

4. The mere fact that W. R. Cooper, after this deed to Keen in 1903, employed a surveyor with the knowledge and consent of Keen, to survey the south half of lot 103 and mark a dividing line, and the surveyor, without attempting to determine the size of the entire lot, merely measured off 245 acres, which was more than the south half, and blazed trees marking a line north thereof, would not establish a line by agreement. No prescriptive title by possession under color of title of the southern portion of the lot to the line thus marked could ever be acquired under the chain of deeds to the south half of lot 103.

5. The evidence demanded a verdict in favor of the dividing line as contended for by the plaintiff in error, it being agreed that such line is in the center of the lot. Accordingly, it was error to deny the motion for a judgment for the defendant notwithstanding the verdict.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1955—DECIDED OCTOBER 10, 1955.

*Reese, Bennet & Gilbert, Cecil M. Roddenberry, James B. Gilbert,* for plaintiff in error.

*Blount & Gibson,* contra.