### 19211. TURNER v. BOYD et al.

HAWKINS, Justice.  F. E. Turner, as plaintiff, brought his action against James Cartledge Boyd and J. Robert Boyd, and alleged, in paragraph 2, that the petitioner holds title to and is the true and lawful owner of all of land lot 227 in the 17th District of Muscogee County, Georgia, with the exception of that part·of said land lot which lies west of Kendle Creek.  He further alleged: that he is the owner of the land described in paragraph 2, and is in possession thereof under a duly executed and recorded warranty deed from a named person as the executrix of the last will and testament of C. C. Layfield, and from the same person and others as individuals, which describes the property thereby conveyed as follows: "All those tracts or parcels of land situate, lying, and being in the 17th District in Muscogee County, Georgia, being Lots Numbers 195 and 222, each containing 202½ acres, more or less; also the north half of Lot Number 223 containing 101¼ acres, more or less; and 300 acres, more or less, off the east side of Lots Numbers 226, 227; all aggregating in one body 806¼ acres, more or less; and bounded on the north by lands of Van Nuxen Estate; east by C. D. McLendon and Jake McGehee; south by lands of W. A. Phillips, W. T. McKee and the estate of J. W. Jackson, deceased; west nearly all the way by Kendle Creek, and at the north end of same by lands of the said W. T. McKee; the above property being the identical property conveyed by Ed Wohlwender and W. Cecil Neill to C. C. Layfield by deed dated December 11, 1924, and recorded December 11, 1929, in Deed Book 95, page 237, in the office of the Clerk of the Superior Court of Muscogee County, Georgia."  That the land described in paragraph 2 is embraced within the land described in the said deed; that the defendants, without any authority, had cut and re-

moved 20,000 board feet of pine timber of the value of $2,000 from the land described in paragraph 2; that they have no right to cut and remove timber from the land described as they are doing and threatening to do; that the cutting and removal of the timber would constitute a continuing trespass, giving rise to a new cause of action from day to day, and thereby resulting in a multiplicity of suits, and would be a destructive continuing trespass, and that damages resulting therefrom would be irreparable and incapable of exact computation, and for which there would be no adequate and complete remedy at law, and prayed for process; for the recovery of damages in the sum of $2,000 as the value of timber already cut; that the defendants be temporarily and permanently enjoined from trespassing upon the land described in paragraph 2; that title thereto be decreed by the court to be in petitioner; and for general relief. To this petition the defendants filed both general and special demurrers. The trial court sustained the general demurrers and dismissed the petition. To this judgment the plaintiff excepts. *Held:*

1. A deed describing the land conveyed as lying and being in a designated district of a named county, and as consisting of two certain numbered lots of land containing 202½ acres each, more or less, the north half of another numbered lot containing 101¼ acres, more or less, and 300 acres, more or less, off of the east side of two other numbered lots, all aggregating in one body 806¼ acres, more or less, and setting forth that it is bounded on the north, east, and south by the lands of certain named owners, and on the west "nearly all the way by" a named creek, "and at the north end of same by lands of" a named person, and that it is the identical property conveyed by two named grantors to a named grantee (a predecessor in title of the plaintiff) by a deed executed on a certain date, and recorded on a certain date, on a designated page, in a certain deed book in the office of the clerk of the superior court of the county in which the land lies, is neither so indefinite, vague, nor uncertain in its description as to render it invalid. A deed to land is sufficient to pass title if the descriptive averments afford a key by which the land can be definitely located by the aid of extrinsic evidence which does not add to, enlarge, or in any way change the description. Extrinsic evidence would be admissible to identify the premises as above described as being the identical land embraced in the deed from the two named grantors to the named grantee therein, who was a predecessor in title of the person asserting title thereto. *Burns* v. *Tootle,* 166 *Ga.* 226 (1) (142 S. E. 861); *Prudential Insurance Co.* v. *Hill,* 170 *Ga.* 600 (153 S. E. 516); *Holder* v. *Jordan Realty Co.,* 170 *Ga.* 764 (154 S. E. 353); *Deaton* v. *Swanson,* 196 *Ga.* 833, 836 (28 S. E. 2d 126).

2. A petition to enjoin the cutting of timber and to recover damages in a stated amount for trespass committed by the cutting of a given amount of timber on a designated tract of land, and which contains an unqualified allegation that the petitioner holds title to and is the true and lawful owner and in possession of the land which is described as indicated in the preceding headnote, and that the damages from the continuing trespass consisting of the cutting and removal of timber would be irreparable; that the writ of injunction is necessary to avoid a multiplicity of actions growing out of a continuing trespass, and that the petitioner has no adequate remedy at law, is sufficient as against a general demurrer complain-

ing: (a) That no cause of action is alleged; (b) that the petition fails to describe sufficiently, definitely, and legally the land to which the petitioner claims title; and (c) that the petition fails to allege or show any prior possession of the land in the petitioner. *Chancey* v. *Johnson,* 148 *Ga.* 87 (95 S. E. 975); *Flowers Inc.* v. *Chamblee,* 165 *Ga.* 703 (1) (141 S. E. 907); *Domin* v. *Brush,* 174 *Ga.* 32 (161 S. E. 809); *Durrence* v. *Groover,* 160 *Ga.* 680 (129 S. E. 29); *Gray* v. *Bradford,* 194 *Ga.* 492 (1) (22 S. E. 2d 43); *Gainesville Midland R. Co.* v. *Tyner,* 204 *Ga.* 535 (50 S. E. 2d 108); *Pugh* v. *Moore,* 207 *Ga.* 453 (62 S. E. 2d 153). A general demurrer should not be sustained to a petition which states a cause of action for any of the substantial relief prayed for. *Bridges* v. *Brackett,* 205 *Ga.* 637 (54 S. E. 2d 642); *Smith* v. *Wilkinson,* 208 *Ga.* 489, 492 (67 S. E. 2d 698).

3. The trial judge erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 10, 1956—DECIDED FEBRUARY 14, 1956.

*J. Willard Register, Young & Hollis, Algia M. Moseley, Jr.,* for plaintiff in error.

*E. B. Cartledge, Jr.,* contra.