## 20560. COLLINS v. BURCHFIELD.

HEAD, Justice. 1. In addition to the other facts alleged upon which the petitioner relied for relief, it was alleged that the defendant "is cutting down, and threatens to continue to cut down, trees, shrubbery, and other plants on petitioner's said property," and it was prayed that the trespasses alleged be restrained and enjoined. A general demurrer to a petition should not be sustained if the facts alleged entitle the plaintiff to any of the substantial relief prayed. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5); *Bridges* v. *Brackett,* 205 *Ga.* 637 (4) (54 S. E. 2d 642); *Smith* v. *Wilkinson,* 208 *Ga.* 489, 492 (67 S. E. 2d 698); *Turner* v. *Boyd,* 212 *Ga.* 191 (2) (91 S. E. 2d 502). It was not error to overrule the general demurrer in the present case.

2. The uncontroverted evidence demanded a finding that the predecessors in title of the present coterminous owners agreed in 1948 that the line between their properties was in the middle of a joint driveway then in use; and that, at the time of the agreement, this line was not marked or otherwise ascertained. The uncontroverted evidence likewise demanded a finding that the predecessors in title abided by the agreed line, and continued to use the driveway as a jointly owned driveway; that each made repairs thereon; that their successors in title (including the defendant after he purchased his property and entered into possession in June, 1955) continued to recognize the driveway as a jointly owned driveway, until a survey was made by a surveyor employed by the defendant in April, 1958. "An unascertained or disputed boundary line between coterminous proprietors may be established, (1) by oral agreement, if the agreement be accompanied by actual possession to the agreed line, or is otherwise duly executed; or (2) by acquiescence for seven years by the acts or declarations of the owners of adjoining land, as provided in the Civil Code, § 3247 [now § 85-1602]." *Osteen* v. *Wynn,* 131 *Ga.* 209 (3) (62 S. E. 37, 127 Am. St. Rep. 212); *Childers* v. *Dedman,* 157 *Ga.* 632, 633 (122 S. E. 45); *Brown v. Hester,*

169 *Ga.* 410 (2) (150 S. E. 556); *Bradley* v. *Shelton,* 189 *Ga.* 696 (4) (7 S. E. 2d 261); *McGill* v. *Dowman,* 195 *Ga.* 357, 365 (2) (24 S. E. 2d 195); *Smith* v. *Lanier,* 199 *Ga.* 255, 262 (34 S. E. 2d 91); *Croft* v. *Beverly,* 202 *Ga.* 210 (43 S. E. 2d 93); *Hickox* v. *Griffin,* 205 *Ga.* 859, 862 (55 S. E. 2d 351); *Warwick* v. *Ocean Pond Fishing Club,* 206 *Ga.* 680 (58 S. E. 2d 383); *Bennett* v. *Perry,* 207 *Ga.* 331 (2) (61 S. E. 2d 501); *Brunswick Pulp & Paper Co.* v. *Wilson,* 211 *Ga.* 862 (89 S. E. 2d 476).

3. The final judgment entered upon the verdict of the jury is not specified as material to the errors complained of, nor is it made a part of the record in the case. This court will not presume that the trial judge has rendered a judgment purely mandatory in character. "While fully recognizing the rule that mandatory injunctions will not issue (Code § 55-110; *Thomas* v. *Hawkins,* 20 *Ga.* 126; *Georgia Pac. Ry.* v. *Town of Douglasville,* 75 *Ga.* 828; *Fisher* v. *Georgia Vitrified Brick & Clay Co.,* 121 *Ga.* 621, 49 S. E. 679; *Simmons* v. *Lindsay,* 144 *Ga.* 845, 88 S. E. 199), yet where, as here, a continuing injury could be stopped, although in stopping it the wrongdoer would be required to take affirmative action, the injury may be enjoined. *Goodrich* v. *Georgia R. & Bkg. Co.,* 115 *Ga.* 340 (41 S. E. 659); *Oostanaula Mining Co.* v. *Miller,* 145 *Ga.* 90 (88 S. E. 562); *Sweetman* v. *Owens,* 147 *Ga.* 436 (94 S. E. 542); *Bush* v. *City of Gainesville,* 206 *Ga.* 182 (56 S. E. 2d 478)." *Ellis* v. *Campbell,* 211 *Ga.* 699 (1) (88 S. E. 2d 389); *Beck & Gregg Hardware Co.* v. *Cook,* 210 *Ga.* 608, 614 (82 S. E. 2d 4); *Davidson* v. *State Highway Dept.,* 213 *Ga.* 599, 600 (100 S. E. 2d 439).

4. The testimony of the defendant excluded by the court was clearly inadmissible. The purported agreement to "straighten out the line" by an exchange of quitclaim deeds was not claimed to have been executed. The testimony of the defendant was not otherwise sufficient to raise an inference of an "assent of the parties" to any contract locating a new or different line from the one established in 1948. Code § 20-107.

5. The verdict rendered by the jury having been demanded by the evidence, the judgment of the trial court denying the amended motion for new trial will not be reversed for alleged errors in the charge of the court.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 14, 1959—DECIDED SEPTEMBER 11, 1959.

*James Maddox,* for plaintiff in error.
*George Anderson, E. J. Clower,* contra.