### 21806. GRIFFIN v. BUFFINGTON et al.

MOBLEY, Justice. 1. The exception is to a judgment sustaining general and special demurrers to plaintiff's petition seeking money damages for and temporary and permanent injunction against alleged continuing trespasses by defendants upon land alleged to be owned by plaintiff. The petition adequately describes the land. By special and general demurrers defendants seek to require plaintiff to allege a legal description of the exact portion of the land upon which it is alleged that the trespasses are being committed. Upon plaintiff's failure to amend to give such a description, the trial court dismissed the petition.

2. Where, as here, in an action seeking to enjoin continuing trespasses upon land plaintiff alleges that he is the owner of a certain adequately described tract of land upon which defendants are trespassing, the petition is not subject to special or general demurrers because of plaintiff's failure to further allege an adequate description of the exact portion of the land trespassed upon, such description of the exact portion being unnecessary for the reason that the court may enter judgment enjoining defendants from trespassing upon the entire described tract, which judgment can be enforced without a description of the particular portion being trespassed upon.

*Buffington v. Carter*, 199 Ga. 811 (2) (35 SE2d 440); *Miller v. Stewart*, 202 Ga. 127 (1) (42 SE2d 445); *Turner v. Boyd*, 212 Ga. 191, 192 (1) (91 SE2d 502); *Moss v. Thomson Co.*, 212 Ga. 184, 185 (1) (91 SE2d 485).

3. The court erred in sustaining the special and general demurrers and dismissing plaintiff's petition.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 8, 1962—DECIDED NOVEMBER 8, 1962—REHEARING DENIED DECEMBER 3, 1962.

*J. Robert Cooper, Wheeler, Robinson & Thompson*, for plaintiff in error.

*Oliver & Bostick, John H. Smith, R. Wilson Smith, Jr.* contra.

ON MOTION FOR REHEARING.

In their motion for rehearing defendants in error complain that the tract of land described in plaintiff's petition comprises 100 acres and that their special demurrers on the ground that the petition was vague and indefinite as to what part of the 100-acre tract the trespasses were alleged to be occurring upon were properly sustained by the trial court. The record shows that plaintiff met these demurrers by attaching a plat with the metes and bounds of the property upon which the trespasses were allegedly occurring, which property plaintiff in error states in his brief consists of less than one acre of land. This is not denied by defendant in error, and examination of the plat indicates this to be correct. This is sufficiently definite to put defendants in error on notice as to where the alleged trespasses are occurring. It is not necessary that plaintiff in error show on the plat where the road and house are being constructed and where the timber is being cut. A casual glance at one acre of land would show where a road or house was being built or where trees were being cut.

*Motion for rehearing denied. All the Justices concur.*