23266. PEACOCK v. BOATRIGHT.

Argued December 14, 1965—Decided January 10, 1966.

*Gibson, McGee & Blount, Lamar Gibson, Carroll Russell,* for appellant.

*S. F. Memory, Jr., Memory, Barnes & Memory, J. Robert Smith, Griffin & Smith,* for appellee.

QUILLIAN, Justice. ■ It is the position of the appellant that where one of the coterminous landowners contends the dividing line between his land and the land of the opposite party is the "true original lot line," he can not establish the line as having been acquiesced in for the statutory period of time.

*Code* § 85-1602 provides: "acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." The fact that the line described in the plaintiff's petition as extending along a stated course from one point to another is also alleged to be a land lot line does not prevent the party claiming the line as the boundary line from proving that it has been acquiesced in by the opposite party and his predecessor in title for seven years. This conclusion is supported by the fact that the statute (*Code* § 85-1602) does not exclude from its operation original land lot lines.

In the case of *Riley v. Griffin,* 16 Ga. 141, 150, the following pronouncement was made: "Suppose the line sworn to is not that which was marked by the original surveyor; still, if it were agreed on by the coterminous proprietors, and acquiesced in, and possession to it held for eighteen or twenty years, the parties, and those claiming under them, would be bound by it, no matter when nor by whom the line was run and chopped." In *Tietjen v. Dobson,* 170 Ga. 123, 126 (152 SE 222), this court approved a charge reading: "If two adjoining landowners recognize a line as being the true line between their property or land, and they acquiesce in that line either by acts or by declarations and act upon the same, and they are in possession of the respective lands on each side of such recognized line, and that continues for seven years, then it becomes the fixed line dividing that property; whether it is the original land line or not, it would make no difference. That would be the true line between them and would fix the line to said property." This makes it clear that such line may be acquiesced in by the coterminous landowners and become, as to them and their successors in title, what

will be recognized in law as the boundary line between their respective lands. *McGill v. Dowman*, 195 Ga. 357 (2) (24 SE2d 195); *Veal v. Barber*, 197 Ga. 555 (1) (30 SE2d 252); *Watts v. Pettigrew*, 207 Ga. 654 (63 SE2d 897). The applicable rule is: "Where such boundary line between coterminous owners is unascertained or disputed, it may be established by agreement accompanied by possession, or it may be established by acquiescence by acts or declarations of the adjoining owners as provided by the Code § 85-1602. *Farr v. Woolfolk*, 118 Ga. 277 (45 SE 230); *Hatch v. Miller*, 179 Ga. 629 (176 SE 631). When a line has been located and established by seven-years' acquiescence as provided by the Code, § 85-1602, the line thus located and established is binding on the grantees of the coterminous owners. *Osteen v. Wynn*, 131 Ga. 209 (4) (62 SE 37, 127 ASR 212); *Gornto v. Wilson*, 141 Ga. 597 (81 SE 860)." *Dye v. Dotson*, 201 Ga. 1, 4 (39 SE2d 8).

■ Neither assignment of error complaining of the charge, "if you should find in favor of the defendant, such a finding would not establish a line, but it would simply mean that Mr. Boatright's [the plaintiff] contentions as to where the dividing line is are not correct," nor the special ground of new trial that originally raised that question contain any criticism that the charge was incorrect as an abstract principle of law or that the charge was not adapted to the issues of the case. The criticism was that the charge might influence the thinking of the jury in reaching a verdict in favor of the plaintiff. The appellant reasons that since the case had been tried three times, the jury might be desirous of ending the litigation in the public interest. In the case of *Wooten v. Morris*, 175 Ga. 290 (165 SE 626), the petition, as in this case, contended the line followed an alleged course between two points. The defendant's answer did not designate any line as the true line, but simply denied the averments of the petition. It was held there, in substance, that a verdict finding for the defendant would not establish the line as following any particular course, but simply as not being located as described in the petition. Thus, the charge complained of in the present case appears to have given the jury correct and appropriate instructions as to what a verdict for the de-

fendant would mean. See also *Payne v. Green,* 84 Ga. App. 689, 694 (67 SE2d 195); *Boyd v. Hill,* 94 Ga. App. 686, 688 (96 SE2d 222).

It must be observed that neither the assignment of error nor the special ground of the motion for new trial, which originally attacked the charge, discloses that the jury was informed or had knowledge that the case had been previously tried. Hence, the contention that the jury might be inclined to put an end to the protracted litigation was purely speculative and without factual basis.

The assignment of error does not show the charge was either erroneous or prejudicial to the appellant.

*Judgment affirmed. All the Justices concur.*