42084. ISRAEL, Administrator v. WILSON.

ARGUED JUNE 8, 1966—DECIDED JUNE 20, 1966.

*H. A. Wilkinson, Smith & Undercofler,* for appellant.

*LeSueur & LeSueur, R. L. LeSueur, Sr.,* for appellee.

NICHOLS, Presiding Judge. 1. The plaintiff expressly abandoned enumeration of error number 6.

2. Enumerations of error numbered 7 and 8 complain of the charge, but the record does not disclose that any objection to the charge as given was made before the jury returned its verdict. Under § 17 of the Act of 1965 (Ga. L. 1965, p. 18), as amended (Ga. L. 1965, pp. 240, 244; *Code Ann.* § 70-207), no question is presented for decision by these enumerations of error.

3. Enumerations of error numbered 1 and 2 complain that the trial court erred in refusing to permit the plaintiff to testify as to the location of an "agreed" line dividing the north half of the land lot from the south half, and enumeration of error numbered 3 complains that the trial court erred in ruling: "The rule of acquiescence is not applicable in this case. You haven't laid the foundation to invoke the rule of acquiescence."

In *Warwick v. Ocean Pond Fishing Club,* 206 Ga. 680 (58 SE2d 383), the Supreme Court laid at rest the contention that a dividing line may be established by agreement or acquiescence where there has been no dispute as to the location of such line. It was there held: "Therefore we hold that the establishment of a dividing line by acquiescence is bottomed upon conclusive proof of an agreement, and stands upon the same basis as the establishment of such a line by express agreement, and that a prerequisite to either is that such a line be in dispute, uncertain or unascertained."

The record discloses no dispute as to the location of the dividing line at any time. Therefore the exclusion of the evidence and the ruling of the trial court that the proper foundation to invoke the rule of acquiescence had not been laid was not error.

4. Under the decision of the Supreme Court in *Georgia Power Co. v. Green,* 207 Ga. 250, 252 (61 SE2d 146), the trial court did not err in admitting in evidence a plat identified and explained by a witness who participated in making the survey.

Accordingly, no error is shown by the fourth enumeration of error.

5. No reversible error is shown by the admission of evidence over objection where similar evidence was admitted without objection. See *Kilgore v. National Life &c. Ins. Co.*, 110 Ga. App. 280 (138 SE2d 397), and citations. Therefore, the fifth enumeration of error is without merit.

6. The evidence, while not without conflict, authorized the verdict for the defendant.

*Judgment affirmed. Hall and Deen, JJ., concur.*