### 42268.   BRAND v. GARNER.

HALL, Judge. The protestant in this land processioning case appeals from a judgment, upon a directed verdict for the applicant, making the return of the processioners the judgment of the court.

There has been and remains confusion in the court decisions on the issue whether a boundary line must be in dispute or unascertained before it can be established by acquiescence under *Code* § 85-1602. See *Gee v. McDowell*, 209 Ga. 265 (71 SE2d 532); *Williamson v. Prather*, 188 Ga. 545 (4 SE2d 140); *Yarbrough v. Stuckey*, 39 Ga. App. 265 (147 SE 160); *Swinson v. Jones*, 66 Ga. App. 598 (18 SE2d 646). However, the Supreme Court undertook to clarify this issue in *Warwick v. Ocean Pond Fishing Club*, 206 Ga. 680, 684 (58 SE2d 383), where it stated: "We hold that the establishment of a dividing line by acquiescence is bottomed upon conclusive proof of an agreement, and stands upon the same basis as the establishment of such a line by express agreement, and that a prerequisite to either is that such a line be in dispute, uncertain, or unascertained."

In the present case the deeds offered in evidence by the protestant describe the boundaries of the applicant's and the protestant's land only as the lands of other persons. From the evidence presented the boundary dividing their properties can be said to have been "unascertained" as that term is explained in the *Warwick* case (p. 685): "The line . . . had never, with the use of the deed as a guide, been located and marked upon the land itself. Despite the clarity of the deed, it remained necessary to ascertain, by measurement, the location upon the land of the dividing line, and hence it must be held that the line was uncertain and unascertained, in contemplation of the rule for the establishment of a line by acquiescence. The one-hundred-foot distance of the line from the high-water mark as called for in the deed was not enough to establish that line." *Hethcock v. Padgett*, 217 Ga. 328 (122 SE2d 213). Assuming that in this case there was sufficient evidence of acts and declarations by the applicant in 1963 to support a finding that the parties then pointed out and acquiesced in a boundary line between the properties, the record does not show evidence of acquiescence by the owners of the land in a definite boundary for seven years before these proceedings, as required by law to be binding on the parties. *Code* § 85-1602. And the evidence would not support a finding of a boundary dispute followed by an oral agreement complied with by the adjoining owners. See *Carter v. Wyatt*, 113 Ga. App. 235, 239 (148 SE2d 74).

The trial court did not err in directing a verdict for the applicant.

The return of the processioners and plat attached thereto did not show on its face, as contended by the protestant, that the processioners failed to mark anew the existing boundary line. The trial court did not err in overruling the protestant's motion to dismiss the return.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

Submitted September 13, 1966—Decided November 8, 1966.

*Henderson & Pope, Donald J. Snell, Marion T. Pope, Jr.*, for appellant.

*Herbert L. Buffington, Jr., Samuel P. Burtz*, for appellee.