45506. MORGAN, Executrix v. LIVSEY.

Evans, Judge. This is a processioning proceeding in which the superior court granted a motion for summary judgment by the defendant-protestant after the same was transferred to that court by the ordinary. The case involves the establishment of the line by the applicant as owner of 4.29 acres of land adjoining the lands of the protestant who claims (1) the applicant does not own any land adjoining him; (2) the line as run by the processioners and surveyor is not the true line on the west side of protestant's property; (3) the processioners and surveyor proceeded illegally to mark the line in their return and plat because the tract of land (4.29 acres) alleged to be owned by the applicant has been in actual possession of the protestant since 1954 under a claim of right, and the processioners and the surveyor refused to respect such claim or to mark the line so as not to interfere with such possession. The protestant submitted his affidavit stating that the applicant did not own the 4.29 acres of land but that protestant owned the said land, and had been in actual possession of the same under a claim of right for more than 15 years, and had the said property continuously enclosed by a permanent fence as an improved pasture on

which he had grazed cattle. One of the processioners submitted his affidavit that he was well aware that the protestant had said land enclosed by a permanent fence continuously since 1955, and had kept said land sowed in improved grasses and had been grazing cattle thereon, and that he had been in actual possession of said land for more than 7 years, and all of which was known to the processioners when they met to mark the boundaries, but the actual possession of the protestant was ignored by the other two processioners, who instructed the county surveyor to mark and plat said boundary line. The applicant by affidavit swore that the trustees and executor and executrix of the estate owning the land had been in possession of said property continuously and uninterruptedly since 1936, and until a portion of said property was sold, and that it was determined that the protestant had encroached on the property belonging to the estate when it was surveyed in 1969; that at no time had they agreed to a change or modification of said property line, nor had they acquiesced or agreed or consented in any way to the encroachment, and that the estate is vested with the fee simple title to the said 4.29 acres, which has a common boundary with the property of the protestant, and the protestant is now encroaching without any claim of right and has not been in open or notorious possession thereof. She also submitted the affidavit of one of the processioners who stated that he, along with the other two processioners, had walked the property line and carefully inspected the area, as well as the deeds and plats of the two properties, and after a thorough investigation had directed the county surveyor to re-survey the old run of the branch which was the ancient and genuine landmark dividing the two properties and establishing the line between the properties, and that no new line was laid out by them. *Held:*

1. While processioners shall mark a line so as not to interfere where actual possession has been had under a claim of right for more than 7 years, as required by *Code* § 85-1603, yet the evidence submitted to the court and considered on the motion for summary judgment is in conflict on many issues, and under *Code* § 85-1609 issues remain for jury determination. Accordingly, the moving party was not entitled to a judgment as a

matter of law, as there remain substantial issues of fact to be determined. See *Ewing v. Tanner,* 184 Ga. 773, 780 (193 SE 243); *Harrison v. Morris,* 108 Ga. App. 566, 571 (133 SE2d 899); *Davis v. Stone,* 88 Ga. App. 766 (77 SE2d 775); *Carter v. Wyatt,* 113 Ga. App. 235 (2) (148 SE2d 74).

2. The mere fact that the processioner's plat as prepared by the county surveyor shows other courses and distances of Tribble Mill Creek on other property than the line run does not show a line marked and established between the parties as to other boundaries between third parties. The case of *Smith v. Brinson,* 43 Ga. App. 248 (158 SE 454) was not authority to dismiss the proceedings here.

3. As this case is being sent back for trial, we feel it proper to comment upon an affidavit submitted by protestant wherein one of the processioners sought to impeach the return of the processioners. It is questionable as to whether or not a land processioner may impeach his finding. There is a statute which forbids the impeachment of a verdict by jurors, to wit: *Code* § 110-109. This is very closely related to the matter of a processioner impeaching his own return. In the case of *Ledford v. Hill,* 82 Ga. App. 299 (3) (60 SE2d 555) and at 309, it was held that a processioner might testify because "the witness' testimony did not impeach his return." This does not squarely meet the issue but is persuasive to the effect that a land processioner may not impeach his own return.

*Judgment reversed. Hall, P. J., and Deen, J., concur.*

Argued September 15, 1970—Decided September 30, 1970—
Rehearing denied October 15, 1970.

*Stark & Stark, Homer M. Stark,* for appellant.
*R. F. Duncan,* for appellee.