## 29778. COTHRAN et al. v. BURK.

GUNTER, Justice.

This is an appeal from a final judgment of the Superior Court of Floyd County in a landline case. Appellants own land adjacent to and north of land owned by appellee. The parties agree that under their deeds the line between them is an original land lot line, but the location of the line on the ground is in dispute. Generally, the line runs from a point in a wooded area on the west through the woods and across an open field to a creek on the east.

Appellants filed suit, alleging trespass and seeking damages and injunctive relief. Appellants claimed that the line had been established by acquiescence in a fence line for more than seven years. Appellee answered and counterclaimed, also seeking damages and injunctive relief. Appellee claimed that the true line was a line running 30-70 feet north of the fence, which was surveyed and marked in 1972 and orally agreed to by appellee and a predecessor in title of appellants. The case was tried before the judge without a jury. The judge found that the survey line had been established by an oral agreement and granted a permanent injunction to appellee.

Appellee purchased his land with his brother in 1956. In 1958 he bought his brother's interest. Around 1960, he built a fence along most of the north boundary of his property in the general area of the line. Appellee testified that the purpose of the fence was to keep cattle in and that he was careful to keep the fence on his side of the line. The fence consisted of strands of barbed wire running through the woods from tree to tree in a zigzag manner

and running across the open field from post to post in a generally straight line.

In 1961, the land to the north of appellee was purchased by a man named Rhinehart. Appellee and Rhinehart remained adjacent landowners from 1961 to 1972. Both ran cattle in the fields separated by the fence part of the year and cultivated the fields part of the year. Both cultivated up to the fence, except that Rhinehart left an open area beside the fence as a passageway and turning area for his farm equipment. In about 1962, appellee built a drainage ditch along a part of the fence on the north side. Appellee and Rhinehart never disputed or even discussed the location of the boundary. Neither knew the exact location. Neither sought to relocate the fence. The location of the fence varied slightly from time to time because a substantial portion of the fence had to be replaced several times after spring floods.

Rhinehart's property was sold at auction in May, 1972. In connection with the sale, Rhinehart had his property surveyed. The line between him and appellee was run in the presence of them both. At trial, several witnesses testified that, at the conclusion of the survey, appellee and Rhinehart shook hands and agreed to the survey line as their boundary. That line was marked with wooden markers, iron pins and blazes on trees. The deed by which Rhinehart conveyed his property, and the deed by which Rhinehart's purchaser conveyed to appellants, described the property with reference to the survey.

When appellants went into possession, they began cultivating their field up to the fence. Appellee objected and began placing fence posts along the survey line. This litigation followed.

A boundary line which is in dispute, uncertain or unascertained may be established either (a) by oral agreement, if the agreement is accompanied by actual possession to the line or is otherwise duly executed or (b) by acquiescence for seven years as provided in Code § 85-1602. *Osteen v. Wynn,* 131 Ga. 209 (62 SE 37) (1908); *Brown v. Hester,* 169 Ga. 410 (150 SE 556) (1929); *Williamson v. Prather,* 188 Ga. 545 (4 SE2d 140) (1939); *Collins v. Burchfield,* 215 Ga. 322 (110 SE2d 368) (1959). A line is uncertain or unascertained if its location on the

ground is unknown even where the line is clearly described in the deeds (*Warwick v. Ocean Pond Fishing Club,* 206 Ga. 680 (58 SE2d 383) (1950)), and even where the line is an original land lot line ((*Peacock v. Boatright,* 221 Ga. 661 (146 SE2d 745) (1966)).

A line may not be established by acquiescence unless there is some contention between the landowners over the location of the line as a result of which a boundary is established in which the landowners subsequently acquiesce. "Adjoining landowners might go on for years without knowing the exact location of their dividing line, and unless and until there is a dispute there would be no reason for establishing a line by acquiescence." *Seaboard A. L. R. Co. v. Taylor,* 214 Ga. 212, 218 (104 SE2d 106) (1958). See also *Israel v. Wilson,* 113 Ga. App. 846 (149 SE2d 839) (1966). Failure to dispute the location of a fence is not necessarily acquiescence in a boundary since a fence may be placed for purposes other than fixing the boundary. See *Bennett v. Perry,* 207 Ga. 331 (61 SE2d 501) (1950); *Robertson v. Abernathy,* 192 Ga. 694, 697 (16 SE2d 584) (1941).

An oral agreement establishing a boundary may be duly executed by marking the line with monuments or blazes with the consent of the adjoining landowners. *Tietjen v. Dobson,* 170 Ga. 123 (152 SE 222) (1930); *Osteen v. Wynn,* supra.

In the present case, the trial judge, sitting as the trier of fact, found that the parties and their predecessors had not acquiesced in the location of the fence as the location of the line. He further found an oral agreement as to the survey line which was duly executed by marking the line and by Rhinehart's act of conveying his property with reference to the survey. The evidence authorized these conclusions.

*Judgment affirmed. All the Justices concur.*

Submitted March 24, 1975 — Decided May 20, 1975.

*Walton, Smith, Shaw, Maddox & Davidson, James D. Maddox,* for appellants.

*Jones & Robbins, Frank H. Jones,* for appellee.