## 51600. FREEMAN v. NELSON.

PANNELL, Presiding Judge.

1. Established lines and not new ones are to be fixed in a processioning proceeding; the location of lines, not as they ought to be, but as they actually exist, is to be sought (*Bowen v. Jackson,* 101 Ga. 817 (29 SE 40); *Crawford v. Wheeler,* 111 Ga. 870 (36 SE 954)); that is, those which can be taken as formerly located and established. *Pearre v. Wilkinson,* 181 Ga. 619 (183 SE 626). Processioners have jurisdiction and authority only to ascertain and mark anew the old lines which have previously been designated on the surface of the earth; they cannot set up a line otherwise; they cannot set up a line merely shown in a deed or plat, or compromise line not designated on the earth's surface. *Anthony v. Wright,* 76 Ga. App. 425 (46 SE2d 194).

2. While in cases where the "corners are established, and the lines not marked, a straight line, as required by the plat, shall be run," (Code § 85-1601); yet "an established marked line, though crooked, shall not be overruled," Id., see also *Cleveland v. Treadwell,* 68 Ga. 835.

3. Where, as in the present case, upon the trial of a protest to the processioners' findings in a superior court, it appears from testimony of the processioners themselves that they disregarded evidence as to an agreement on a line, or evidence of possession, and sought only to

ascertain an original land lot line as they considered that was what they were supposed to do and found two corners and ordered a survey in a straight line between those points (see *Bradley v. Chattanooga Iron & Coal Co.,* 144 Ga. 478, 479 (3a) (87 SE 465)), such action constitutes a good ground of protest and a verdict on trial of the protest of their return should be set aside. See *Langley v. Woodruff,* 144 Ga. 702 (87 SE 1054).

4. However, where the evidence also shows without dispute that the parties did agree on a line after a dispute arose between them we will not reverse for a new trial on the above ruling, but reverse for refusal to grant to the protestant his motion for judgment notwithstanding the verdict based upon a plat agreed to by the parties establishing and marking a line different from the land lot line.

The agreement consisting of a plat showing a line drawn and the distances given between three concrete blocks and an oak tree, was dated October 9, 1972, and recited "concrete blocks set in [1966] as agreed line and confirmed today by abutting land owners.", and signed by the parties is clearly an agreement as to a dividing line between coterminous owners; and is a matter for construction by the court, and not a matter for the jury to decide or construe. An agreement as to a *line* entered into between abutting land owners, as a result of a dispute between them as to the location of the dividing line between them is an agreement as to a dividing line and needs no construction as to what kind of line it is. Black's Law Dictionary, 4th Edition, defines the word "line" as: "The boundary or line of division between two estates.", nor will the self-serving declaration of the appellee that he intended the agreement to be one merely permitting the appellant to "use" a part of his land up to the agreed line. To do so would permit the appellant to convert the agreement to one of landlord and tenant, and contradict its very terms by parol. See Code § 38-501. This is particularly true when we consider the agreement, though short, was drawn by an attorney. It was error to submit the construction of the contract or agreement to the jury, and not direct a verdict for the line agreed upon by the parties. The judgment is reversed with direction

that a judgment notwithstanding the verdict be entered accordingly.

*Judgment reversed with direction. Marshall and McMurray, JJ., concur.*

ARGUED JANUARY 6, 1976 — DECIDED MAY 20, 1976.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*Harold E. Martin,* for appellee.