## 59405. OSBORNE v. THOMPSON et al.

BANKE, Judge.

The appellees petitioned for a processioning pursuant to Code Ann. §§ 85-1604 et seq. to resolve a boundary dispute with the appellant, an adjoining landowner. The processioners marked off the lines in accordance with an old plat which set forth the boundaries as they had originally existed, ignoring a fence which the appellant claimed had served as the actual boundary since 1945. The appellant protested, and the case was presented to a jury in superior court. The jury returned a verdict in favor of the appellees, upholding the processioners' return. This appeal is from the judgment entered on that verdict. *Held:*

1. "Under the law of processioning as it exists in this State, established lines, and not new ones, are to be fixed and determined; the location of lines, not as they ought to be, but as they actually exist, is to be sought; and where one has been in actual possession of land for more than seven years, under a claim of right, such claim shall be respected by the processioners, even though the land so possessed should be found to be within the original line of the opposing party." *Bowen v. Jackson,* 101 Ga. 817 (1) (29 SE 40) (1897). See Code § 85-1603. Where the processioners ignore a claim of actual possession based on § 85-1603 and concern themselves instead only with the original line, the jury's verdict upholding the processioners' return must be set aside. *Bowen v. Jackson,* supra; *Robson v. Shelnutt,* 122 Ga. 322 (50 SE 91) (1905); *Boyce v. Cook,* 140 Ga. 360 (78 SE 1057) (1913); *Cartledge v. Seago,* 141 Ga. 113 (80 SE 290) (1913); *Langley v. Woodruff,* 144 Ga. 702 (87 SE 1054) (1915).

The fact that the appellant and her predecessors had cultivated the land up to the fence since 1945 might or might not establish that she had acquired title to the disputed property by adverse possession; however, this is not a matter for the processioners to decide. They are to determine not the title to the property but the actual boundary line as it is designated on the earth's surface. See *Freeman v. Nelson,* 138 Ga. App. 697 (1) (227 SE2d 475) (1976). "[S]ince the object of our summary processioning laws is to settle disputes of boundary lines between coterminous landowners, and the proceeding is not designed as a substitute for an action in ejectment to settle title, which is not directly involved, it will . . . be presumed that the processioners would not undertake to exercise jurisdiction to pass upon or determine any question involving a disputed title, but will confine themselves solely to the fixing of boundaries between the adjacent claimants, leaving

undetermined any question relating to conflicting claims as to the title itself. The provisions of § 85-1603 do not relate to the determination of prescriptive title, but merely to the fixing of prescriptive boundaries as between coterminous claimants. [Cits.]" *Byrd v. McLucas,* 194 Ga. 40, 42 (20 SE2d 597) (1942). See *Standard Oil Co. v. Altman,* 173 Ga. 777, 778-779 (161 SE 353) (1931).

Because the evidence shows without dispute that the processioners did not even consider the appellant's claim that she had cultivated the land on her side of the fence for more than seven years under a claim of right, their return was invalid as a matter of law. Thus, the trial court erred in denying her motion for directed verdict on this issue and in failing to sustain her protest to the return. However, it does not follow that the appellant was also entitled to a directed verdict establishing the fence as the actual boundary. The question of whether the appellant's cultivation of the disputed property was done under a claim of right rather than by permission is a disputed one which cannot be decided by this court as a matter of law. See *Morgan v. Livsey,* 122 Ga. App. 644 (178 SE2d 303) (1970). See generally *Stewart v. Jackson,* 144 Ga. 501 (3) (87 SE 656) (1916); *Earney v. Owen,* 213 Ga. 412, 415 (99 SE2d 201) (1957); *International Paper Co. v. Kight,* 239 Ga. 551 (3) (238 SE2d 88) (1977). The judgment of the trial court is accordingly reversed with direction that the case be remanded for a new processioning.

2. The court did not err in striking the testimony of Chester Thompson, who testified that he and his father had erected the fence and that he had overheard a conversation in which his father and M. B. Thompson (husband of appellee Mrs. M. B. Thompson and father of the other appellees) agreed that the fence would be used by both parties and that M. B. Thompson would maintain it. Assuming that the testimony was otherwise admissible, it had no probative value to show acquiescence absent some indication that Mr. Thompson had authority from his wife to agree to a boundary change. The only testimony regarding M. B. Thompson's authority over his wife's land was that he "supervised" it. This testimony does not support the conclusion that M. B. Thompson was his wife's agent for the purpose of agreeing to the establishment of a boundary line for her land. See *Kiker v. Anderson,* 226 Ga. 121 (3) (172 SE2d 835) (1970). Consequently, the trial court did not err in striking the testimony.

3. The appellant contends that the following charge to the jury was in error: "the establishment of a dividing line by acquiescence is bottomed upon conclusive proof of an agreement and stands upon

the same basis as the establishment of such a line by express agreement and . . . a prerequisite to either is that such a line be in dispute, uncertain, or unascertained." There is no doubt that this is a correct principle of law for the use of the court in deciding whether to allow the issue of acquiescence into a case. See *Warwick v. Ocean Pond Fishing Club,* 206 Ga. 680, 684 (58 SE2d 383) (1950); *Israel v. Wilson,* 113 Ga. App. 846 (149 SE2d 839) (1966); *Brand v. Garner,* 114 Ga. App. 578 (152 SE2d 2) (1966). Whether the language is proper as a charge to the jury is another matter, for the use of the word "conclusive" could mislead the jury into believing that no agreement could be considered unless it were proven beyond a reasonable doubt. However, in the case before us now, there was no admissible evidence of an agreement at all, and thus any error committed in using the charge was harmless.

4. Error is also assigned on the following charge: "I charge you that a line may not be established by acquiescence unless there is some contention between the landowners over the location of the line as the result of which a boundary is established in which the landowners subsequently acquiesce. Adjoining landowners might go on for years without knowing the exact location of their dividing line, and unless and until there is a dispute, there would be no reason for establishing a line by acquiescence." The principle of law embodied in the charge was correct, and we do not find the language to be argumentative. See *Cothran v. Burk,* 234 Ga. 460, 462 (216 SE2d 319) (1975).

*Judgment reversed and case remanded. McMurray, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED APRIL 2, 1980.

*William A. Zorn,* for appellant.

*Ray S. Gordon, James G. Johnson, Jr., W. Jefferson Hires,* for appellees.