A92A0328. ELDER v. MERRITT.
(418 SE2d 774)

JOHNSON, Judge.

Appellant, Charles Elder (Elder), filed an application for a processioning proceeding in the probate court, pursuant to OCGA § 44-4-1 et seq., to determine the boundary line of his property which abutted that of appellee, Quincey Merritt (Merritt). Merritt filed a protest to the return of the processioners, which marked the boundary in a manner which would exclude property upon which he had erected a fence and kept livestock over the years. The matter was

transferred to the superior court, where evidence was presented to a jury. Following the close of Elder's case, Merritt made a motion for a directed verdict against the return of the processioners, and for a directed verdict establishing the fence line as the true boundary. The court granted the motion rejecting the return of the processioners, but denied the motion with regard to the establishment of an alternative boundary. Elder appeals the entry of the directed verdict.

This case was transferred to this court from the Supreme Court. This court, rather than the Supreme Court, has jurisdiction because processioning actions are statutory in nature and not intended to establish title. "The only object of such proceeding is to mark anew existing land lines." *Elkins v. Merritt,* 146 Ga. 647, 648 (92 SE 51) (1917). See *Page v. Guin,* 187 Ga. App. 143 (4) (369 SE2d 517) (1988).

All three of the appointed processioners testified at trial. It is clear from a review of the transcript that the processioners admitted that they had not considered possession or use of the property in preparing their return. The trial court correctly relied upon *Osborne v. Thompson,* 154 Ga. App. 215 (267 SE2d 852) (1980). "Where the processioners ignore a claim of actual possession based on § 85-1603 and concern themselves instead only with the original line, the jury's verdict upholding the processioners' return must be set aside." Id. at 215, citing *Bowen v. Jackson,* 101 Ga. 817 (1) (29 SE 40) (1897). In *Osborne,* a directed verdict in favor of the appellant was denied. This court reversed, holding that: "Because the evidence shows without dispute that the processioners did not even consider the appellant's claim that she had cultivated the land on her side of the fence for more than seven years under a claim of right, their return was invalid as a matter of law." Id. at 216. Based upon these decisions, we conclude that the entry of a directed verdict against the return of the processioners was proper.

"The issue on the trial of a protest to processioning is not confined to approving or disapproving the line established by the processioners but, if the evidence warrants, a verdict may be entered in favor of the line established by the protestants." *Page,* supra at 146. No cross appeal having been taken to the trial court's denial of the motion for a directed verdict regarding the establishment of the alternative boundary, we do not reach that issue.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 24, 1992 —
RECONSIDERATION DENIED MAY 5, 1992.

*Robert B. Sumner, Cork & Cork, Robert L. Cork,* for appellant.

*Starling & Starling, Donald A. Starling*, for appellee.